## 1117.  WELCH *v.* THE STATE.

One is not guilty of escape who effects his own deliverance from jail, when his confinement is no part of a *sentence* imposed by a court. Section 314 of the Penal Code is not applicable to one whose imprisonment is for the purpose of safe-keeping only.

Accusation of escape, from city court of Griffin—Judge Hammond.  March 18, 1908.

Argued March 5,—Decided May 18, 1908.

*Thomas W. Thurman,* for plaintiff in error.

*William H. Beck, solicitor,* contra.

RUSSELL, J.  The question presented by this writ of error is whether one who is confined in jail, not as a part of the enforcement of the sentence of a court, after conviction, but merely for safe-keeping, can be convicted of the offense of escape, under the provisions of §314 of the Penal Code.  The plaintiff in error had been convicted of the offense of simple larceny and sentenced to work in the chain-gang, on the public works, for twelve months, with the alternative of paying a fine of $50.  In this previous case, after his motion for a new trial had been overruled, he sued out a writ of error, assigning error upon the judgment refusing a new trial, and the judgment of the lower court was reversed by the Supreme Court.  The fact, however, that the Supreme Court set aside the conviction is not material, especially as the plaintiff in error effected his escape while the writ of error was pending in the Supreme Court.  The evidence in the present case is uncontradicted that plaintiff in error escaped from the jail of Spalding county after he was convicted of the offense of simple larceny.  And it is also equally true that the confinement in jail was not included in the sentence, as a method of punishment.  No supersedeas was applied for or granted after the certification of the bill of exceptions.  It is plain, therefore, that while the defendant was legally confined in jail, this confinement was only for safe-keeping, and not as a part of the sentence of the court in the case of simple larceny.

Section 314 of the Penal Code, under which this plaintiff in error was convicted in the present case, is as follows: "If any person shall be convicted of an offense below the grade of felony, and shall escape from the chain-gang or other place of confinement or

imprisonment for the violation of any municipal, county or State laws, and be thereafter retaken, he shall be guilty of a misdemeanor." Criminal statutes are to be strictly construed. The liberty of a citizen is not to be abridged by implication, nor is any statute, making an act a crime, to be extended beyond its express terms. The plaintiff in error was in jail for safe-keeping only, and not as a part of the sentence of the court; and, therefore, in escaping, he did not violate the terms of § 314 of the Penal Code. If the trial judge, as he had a right to do, had sentenced the defendant to serve a term in jail, as one of the punishments to be inflicted, and there had been no supersedeas, and he had escaped, he would have been guilty; because that would have been a "place of confinement or imprisonment for the violation of . . State laws." Whether it should or should not be a violation of the law for one who is confined in jail awaiting a trial, or held for safe-keeping before entering upon his sentence, to escape from custody, is not before us. But certain it is that such is not the law. A prisoner has the right to secure his liberty, if he can, provided he commits no offense in doing so, up to the time that he is to serve his sentence, whether it be in the chain-gang or in jail. The reason of the rule is apparent from the present case. The defendant, no matter how long confined, would have been given no credit therefor on the sentence imposed by the court, if the judgment of the court had been affirmed by the Supreme Court. As he had taken out no supersedeas, however, if the court had sentenced him to be imprisoned or confined in jail, the time of such service, even though the judgment had been affirmed, would have been deducted from the sentence of confinement imposed by the court, just as if, had the judgment been affirmed and the defendant put to work in the chain-gang for lack of the supersedeas, the time that he might have worked in the chain-gang must necessarily have been credited as a part of the chain-gang sentence imposed by the court.

It is probable that the defendant in the present case did not ask a supersedeas, and was confined in jail simply because he was unable to make bond; and this is generally true in similar cases. When he secured his liberty he did not escape from the sentence of the court, because he had not been sentenced to be confined in jail. He simply gave "leg-bail," instead of more substantial recognizance. *Judgment reversed.*