## 29762. DIXON v. THE STATE.

UNDERCOFLER, Presiding Justice.

James Thomas Dixon was an inmate in Ware County serving a sentence for theft by taking. He and another inmate committed two additional offenses, armed robbery and motor vehicle theft as they escaped from the institution. The appellant was indicted and convicted of armed robbery, motor vehicle theft, and escape and was sentenced to fifteen years for armed robbery, five years for motor vehicle theft, and three years for escape, all of the sentences to run concurrently. He appeals to this court. *Held:*

1. The appellant contends that the trial court erred in admitting into evidence his record showing his

conviction of theft by taking and the revocation of his parole over his objection that it was prejudicial in view of his offer to stipulate that he was lawfully convicted and incarcerated at the time the alleged offenses were committed.

Code Ann. § 26-2501 provides: "Escape. A person commits escape when he: (a) having been convicted of a felony or misdemeanor, or of the violation of a municipal ordinance, intentionally escapes from lawful custody or from any place of lawful confinement; . . . A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment for not less than one nor more than five years. Any other person convicted of escape shall be punished as for a misdemeanor except that a person who commits escape while armed with a dangerous weapon shall, upon conviction, be punished by imprisonment for not less than one nor more than 10 years." Ga. L. 1968, pp. 1249, 1312.

The offenses of armed robbery, motor vehicle theft and escape were all tried at the same time. The state proved the offense of escape by introducing his conviction of theft by taking and the revocation of his parole. The lawful confinement of the appellant at the time of his escape was a necessary element of that offense and the fact that the appellant offered to stipulate that he was lawfully confined would not prevent the state from proving this element of the crime.

There is no merit in this contention of the appellant.

2. The appellant contends that evidence of his escape prejudiced his armed robbery conviction. There is no merit in this contention since the robbery occurred when he was escaping from confinement.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1975 — DECIDED APRIL 8, 1975.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.