## 50878. PRUITT v. THE STATE.

SUBMITTED JUNE 26, 1975 — DECIDED SEPTEMBER 4, 1975.

*James C. Bonner, Jr.,* for appellant.
*E. W. Fleming, District Attorney, Robert H. Sullivan,
Assistant District Attorney,* for appellee.

CLARK, Judge.
Appellant was indicted jointly with two others for the
offense of escape. The indictment charged that, "the said
Danile Freddy Pruitt did then and there unlawfully after

having been convicted of the offense of Superior Court of Bartow County [sic] . . . did intentionally escape from Carroll County Correctional Institution." Appellant was convicted in a trial before a jury and was sentenced to serve three years consecutive to his remaining prison term.

Nearly one year after his conviction, appellant filed a motion for a new trial as to his sentence. He contended that since the indictment failed to allege that his confinement was pursuant to a felony or misdemeanor conviction, it necessarily charged him with a misdemeanor grade of escape and that the three-year sentence imposed was therefore in excess of the statutory limit and void.

The trial judge overruled this motion on the following two grounds: "1. That the term of Court at which the above case came on for trial having ended, those portions of defendant's motion for new trial, as amended, seeking to set aside or modify the sentence given thereon, are not timely raised and the same are hereby dismissed; 2. That those portions of defendant's motion for new trial, as amended, attacking the form of the indictment, having been raised for the first time on the instant motion, are not timely raised and are hereby dismissed." From the denial of his motion, appeal is taken to this court.

■ "A person commits escape when he: (a) having been convicted of a felony or misdemeanor, or of the violation of a municipal ordinance, intentionally escapes from lawful custody or from any place of lawful confinement; or (b) being in lawful custody or lawful confinement prior to conviction, intentionally escapes from such custody or confinement. A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment for not less than one nor more than five years. *Any other person convicted of escape shall be punished as for a misdemeanor* . . ." Code Ann. § 26-2501. (Emphasis supplied.) It is clear that our penal statute for escape embodies two grades of the offense.[1] A prisoner may be convicted of felonious

---

[1]The statute also provides a sentence of not less than

escape only where his previous confinement was pursuant to a felony or misdemeanor conviction; all other escapees must receive misdemeanor punishment.

■ Appellant does not challenge the sufficiency of his indictment. Rather, he contends that the indictment alleged only the misdemeanor grade of escape and that a felony punishment was illegally imposed. In his amended motion for a new trial "as to sentence only," appellant urged the court below to "set aside the sentence" previously imposed. It is clear from the argument raised before the trial judge, and advanced now before this court, that appellant's motion is to be treated as a motion to enter a valid judgment of sentence.

"A sentence entered in a criminal case which is unauthorized by law is a nullity and void. [Cits.] Where the sentence is void, a valid sentence may be imposed by the court, until which time the defendant stands as though convicted but not sentenced. That is why, although a judge cannot modify a sentence after the term in which it is rendered, he may resentence him, where the original sentence was illegal, at any time. [Cits.]" *Mullins v. State,* 134 Ga. App. 243 (214 SE2d 1). See *Reynolds v. State,* 132 Ga. App. 89 (207 SE2d 630); *Elrod v. Caldwell,* 232 Ga. 876 (209 SE2d 207). Treating the motion as one to enter a valid judgment of sentence, we examine its merits.

■ The legal character of a crime is fixed by the factual allegations contained in the accusation. *Marter v. State,* 224 Ga. 569 (163 SE2d 702); *Brusnighan v. State,* 86 Ga. App. 340 (71 SE2d 698). "The nature of the crime in an indictment or accusation is to be determined from the description of the crime contained in the indictment or accusation; that is, from the acts alleged to have been committed which are contrary to the laws of the State." *Moore v. State,* 94 Ga. App. 210, 211 (94 SE2d 80); *Lummus v. State,* 17 Ga. App. 414 (87 SE 147).

The present indictment, which alleges an unlawful

---

one nor more than ten years upon conviction of escape with a dangerous weapon. This additional grade of the offense of escape is not considered here.

and intentional escape following a conviction for some offense, sufficiently charges the crime of escape. Does it, however, sufficiently charge a felonious escape? Since the degree of the offense of escape is determined by the type of offense for which appellant was previously convicted (*Heath v. State,* 50 Ga. App. 94 (177 SE 74)), the authority for the detention is an essential element of the felony offense of escape. *Dixon v. State,* 234 Ga. 157 (215 SE2d 5); *Welch v. State,* 4 Ga. App. 388 (61 SE 496); *Brandon v. State,* 37 Ga. App. 495 (141 SE 63).

The imperfect language of this indictment ("the offense of the Superior Court") does not aver a prior conviction for a felony or misdemeanor. Since this allegation is an essential element of the felony crime, it may not be implied, but must be specifically alleged. *Durden v. State,* 152 Ga. 441 (110 SE 283); *Passley v. State,* 194 Ga. 327 (21 SE2d 230). The indictment's omission of the nature of the previous conviction necessarily placed appellant within that part of the penal statute providing that, "Any other person convicted of escape shall be punished as for a misdemeanor."

The conclusion we reach today is in harmony with those decisions concerning the requisites of an indictment where recidivist punishment is sought. "Where the second conviction changes the grade of the offense, or authorizes a higher penalty than could otherwise have been imposed, the former conviction enters as an element into the new offense, and must be alleged as a necessary part of the description and character of the crime intended to be punished." *Berry v. State,* 51 Ga. App. 442, 447 (180 SE 635); *Green v. State,* 129 Ga. App. 27 (198 SE2d 343); *Studdard v. State,* 225 Ga. 410 (169 SE2d 327).

■ Although the fact of appellant's previous felony conviction was stipulated by defense counsel at trial, this does not alter the nature of the crime charged. An indictment cannot be amended to conform with the proof. *Henley v. State,* 59 Ga. App. 595 (2 SE2d 139); *Studdard v. State,* 225 Ga. 410, supra. This principle is well illustrated in *Black v. Caldwell,* 231 Ga. 589 (203 SE2d 208). There, appellant was indicted and convicted of motor vehicle theft. Although the indictment did not charge him with the commission of any previous crimes, evidence of his

prior convictions was introduced at the sentencing phase of the trial. In reversing his sentence of twenty years as a third offender, the court held: "[A]n accused cannot receive a sentence greater than that prescribed by law for the crime for which he was indicted and convicted. For one to receive recidivist punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment. In short, one cannot be indicted by a Grand Jury for only one offense carrying a maximum punishment, and then have that maximum punishment increased at the election of the state's prosecuting officers." *Black v. Caldwell,* 231 Ga. 589, 592, supra.

Since the indictment, on its face, charged a misdemeanor, appellant's three-year sentence was unauthorized by law. We therefore reverse the judgment below and direct the trial court to sentence appellant as for a misdemeanor.

*Judgment reversed with direction. Pannell, P. J., and Quillian, J., concur.*