## 52179. FEARS v. THE STATE.

CLARK, Judge.

This appeal is from a conviction for the misdemeanor grade of escape. The trial took place two years after the date of the alleged offense. The state's evidence showed that the accused had been apprehended in the early morning hours of September 30, 1973 while trying to burglarize a wine and cheese store. He was arrested on a charge of attempted burglary and was confined in the Athens Stockade. After the prisoners had been removed from their cells for breakfast that same day, defendant was discovered to be missing. He was subsequently located within the Athens city limits and, after a brief pursuit by the police, was again apprehended.

Defendant presented no evidence in his behalf at trial. *Held:*

1. "A person commits escape when he: (a) having been convicted of a felony or misdemeanor, or of the violation of a municipal ordinance, intentionally escapes from lawful custody or from any place of lawful confinement; or (b) being in lawful custody or lawful confinement *prior to conviction,* intentionally escapes from such custody or confinement. A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment for not less than one nor more than five years. Any other person convicted of escape shall be punished as for a misdemeanor. . ." Code § 26-2501. (Emphasis supplied.)

Defendant contends that proof of his prior conviction is an essential element of the offense of escape, as defined in our Criminal Code, and that the state's failure to prove this "element" necessitates a reversal of the conviction. The interpretation of our penal escape statute which defendant advances is that a person who escapes from lawful confinement may be punished only if he has been convicted or is subsequently convicted of the offense for which he was originally arrested. As defendant asserts in his brief to this court, "This requirement might prevent a trial for escape if the accused had been acquitted on the charge for which he was being confined in the

first place."[1]

Defendant's novel interpretation of our escape statute is at odds with common sense and the obvious legislative intent underlying the penal statute. The gravamen of the offense, under the common law and under our statute as we construe it, is the intentional departure from lawful confinement or custody. See 30A CJS 875, Escape, § 2. The sole purpose of the phrase, "prior to conviction" is to distinguish the misdemeanor offense from the felony grade.[2] Since the defendant here was charged with the misdemeanor grade of escape, the prosecution had no burden of showing a conviction to the original offense. Defendant's contention that the state failed to meet this burden is accordingly without merit.

2. The trial judge prefaced his charge to the jury with the following remarks: "Ladies and Gentlemen of the Jury, the Magistrate Court of this County has committed the Defendant, Walter Anthony Fears, charging him by an accusation with the offense of Escape from lawful custody of the Athens Police Department. *This was prior to his conviction of an offense levied against him of Attempted Burglary.* Now to this accusation the Defendant has entered a plea of not guilty and this forms the issue which you have been impaneled to try." Defendant contends that the judge's reference to his conviction improperly brought his character in issue and that the court erred in denying his mistrial motion.

We note initially that where a defendant is charged with the felony grade of escape, the state must allege and

---

[1]Although defendant apparently was convicted of the attempted burglary charge the state introduced no proof of this fact.

[2]Whether the escape occurs before or after conviction is not the only criterion for determining the grade of the offense. Felony punishment can only be imposed upon an escapee who was convicted of a felony or misdemeanor. See *Pruitt v. State,* 135 Ga. App. 677 (218 SE2d 679). In addition, our statute calls for felony punishment for armed escapes without regard to the nature of the original crime or the time of the escape.

prove a prior conviction for a felony or misdemeanor. *Pruitt v. State,* 135 Ga. App. 677 (218 SE2d 679). Thus the general rule which prohibits references to other crimes by the accused is not fully applicable to a trial for escape, which by its nature alludes to a prior act resulting in incarceration or conviction. Moreover, evidence of the escapee's original crime is often an unavoidable aspect of the state's proof with regard to the lawfulness of confinement.

Nevertheless, courts should endeavor to minimize references to the antecedent criminality. And while proof of the prior conviction is required in felony escape trials, reference to a conviction is generally irrelevant and should be avoided in trials for misdemeanor escapes. As a general rule, evidence of the fact of conviction should be allowed only where its relevancy to the issues being tried outweighs its prejudicial impact. Since defendant's conviction in this case bore no relation to the issues being tried, the judge's comment must be deemed error.

In order for an error to cause a reversal of the judgment, however, it must be shown to be harmful. *Miller v. State,* 94 Ga. App. 259, 264 (94 SE2d 120). Our review of the record leads us to conclude that, under the peculiar circumstances of this case, defendant could not have been harmed by the judge's remark. The accusation itself alleged that defendant was arrested for attempted burglary and that he escaped "prior to conviction." Defendant offered no motion to quash or other objection to the language of this information. Additionally, defendant insisted (against the advice of counsel) upon wearing his prison garb at the trial. Since the alleged escape had occurred more than two years prior to the trial, the jury could only assume that defendant had been convicted of the original charge.

Considering the judge's remark within the context of the above factors, we can discern no possible harm caused by the trial court's error. Accordingly, the judgment will not be reversed on this ground.

3. In defendant's remaining enumeration, he argues that the failure to allege an *intentional* escape, within the accusation, rendered the conviction void since no crime was thereby charged. We disagree. The accusation's

allegation that the escape was "contrary to the laws of [Georgia]" was sufficient to state the crime, which otherwise was clearly described. *Livingston v. State,* 6 Ga. App. 208 (64 SE 709); *Lanier v. State,* 5 Ga. App. 472 (63 SE 536). We note additionally that no prior objection was raised regarding this technical imperfection and no allegation has been made that defendant was not fully apprised of the charge for which he was tried. This enumeration is without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED MAY 12, 1976 — REHEARING DENIED JUNE 10, 1976.

*Robert D. Peckham, Jack H. Affleck,* for appellant. *Ken Stula, Solicitor,* for appellee.