### 53088. GILLESPIE v. THE STATE.

WEBB, Judge.

Gillespie was convicted under a two-count indictment charging him with aggravated assault (Criminal Code § 26-1302) and escape while armed with a dangerous weapon. Criminal Code § 26-2501. He now urges error in the refusal of a mistrial which he moved for after the district attorney, in his opening remarks, stated that Gillespie was a murderer and was serving time in jail for murder. He contended that since at the time of the escape he had not been convicted of the murder, and since he was charged with escape from pre-trial confinement rather than post-conviction confinement, the reference to the subsequent conviction of the murder placed his character in issue when he had not chosen to do so; that no reference to that conviction should have been made; and that any relevancy of the conviction of murder to the issues being tried was outweighed by its prejudicial impact.

The trial court fully agreed in a lengthy colloquy, but finally decided that the error could be corrected by instruction to the jury. We agree that there was error, but we are unable to hold that it was thus cured.

1. Criminal Code § 26-2501 makes provision for escape from "lawful confinement *prior* to conviction," as well as for escape after "having been convicted of a felony or misdemeanor." (Emphasis supplied.) In the first instance § 26-2501 makes the crime a misdemeanor (unless done while armed with a dangerous weapon), while in the latter it is made a felony whether done while armed or not. Thus in the latter instance the fact of conviction prior to escape is an essential element of the crime, and it may be alleged and proved. *Pruitt v. State,* 135 Ga. App. 677 (218 SE2d 679); *Fears v. State,* 138 Ga. App. 885 (227 SE2d 785). Accord, *Dixon v. State,* 234 Ga. 157 (215 SE2d 5) (1975); *Ingram v. State,* 237 Ga. 613

(1976); *Potts v. State,* 134 Ga. App. 512 (215 SE2d 276) (1975).

But where the conviction does not occur prior to the escape and thus is not relied upon to establish the felony grade of offense, reference to the conviction is unnecessary and is error. *Fears v. State,* 138 Ga. App. 885, supra. Since in the instant case the conviction of murder had not occurred prior to the escape and was hence not relied upon to establish the felony grade of offense,[1] the reference to it was error as the trial court held.

2. But we do not agree that the instruction to the jury cured the error. The instruction stated that the opening arguments were not evidence but only statements of what the parties intended to prove, and as such was inadequate. Code Ann. § 81-1009; *Brown v. State,* 118 Ga. App. 617 (1) (165 SE2d 185) (1968). Consequently it was reversible error not to grant the motion when it was renewed after the inadequate instruction.[2]

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

Submitted November 2, 1976 — Decided November 10, 1976.

*Leonard N. Steinberg, Paul E. Cormier,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.

---

[1] Felony grade was established on the basis of "escape while armed with a dangerous weapon . . ." Criminal Code § 26-2501.

[2] It is not necessary to decide whether such an error would always be reversible regardless of the amplitude of instruction.