60233. CARTER v. THE STATE.

CARLEY, Judge.
Appellant appeals his conviction of four counts of armed robbery, one count of motor vehicle theft and one count of misdemeanor pre-conviction escape under Code Ann. § 26-2501 (b).

1. On the day of his trial appellant was wearing handcuffs when

he was transported from the county jail to the courtroom. Appellant, while manacled, was taken into the courtroom in the presence of the prospective jurors. The assistant district attorney, noticing that appellant was handcuffed, immediately instructed the deputy sheriff to remove the restraints. Appellant was then taken out, his handcuffs removed, and returned to the courtroom. When appellant's case was called, his counsel moved to disqualify the entire jury panel and for the grant of a mistrial based upon appellant's appearance in handcuffs. Both motions were denied and appellant urges that denial of his motions was error.

Absent justifying circumstances, the defendant in a criminal case should not be seen by the jury handcuffed in the courtroom or courthouse. *McKenzey v. State,* 138 Ga. App. 88 (225 SE2d 512) (1976). However, the mere fact that a handcuffed defendant is seen by jurors or prospective jurors is not a ground for the automatic grant of a challenge to the array of jurors or of a mistrial. *Gates v. State,* 244 Ga. 587, 592 (2) (261 SE2d 349) (1979); *Phillips v. State,* 238 Ga. 616 (1) (234 SE2d 527) (1977); *Howard v. State,* 144 Ga. App. 208, 212 (8) (240 SE2d 908) (1977).

In the instant case, at the time appellant was seen handcuffed he was in the process of being transported by the Sheriff's deputies, who are charged with the responsibility of taking the appropriate security measures to assure the confinement of a prisoner. See *Howington v. Wilson,* 213 Ga. 664 (100 SE2d 726) (1957). Appellant was charged with crimes of violence and with escape. We cannot say that under these circumstances it was not "natural" for appellant to be appropriately restrained during his journey from the place of confinement to the place of trial. *Gates v. State,* 244 Ga. 587, supra. Compare *McKenzey v. State,* 138 Ga. App. 88, supra. When it was discovered that after his entry into the courtroom appellant remained shackled, he was immediately freed. *Starr v. State,* 209 Ga. 258, 259 (5a) (71 SE2d 654) (1952). On voir dire appellant's counsel specifically asked all prospective jurors who had observed appellant in handcuffs if they would be prejudiced against him for that reason. No prospective juror indicated that the observation of the appellant in handcuffs would be a source of prejudice against him. The trial judge himself then asked: "Let me stress to the jury that any of you that would have any question whether that would prejudice you against this defendant in any way whatsoever indicate by standing, please? If you feel that that would in any way prevent you from giving him a completely fair trial?" Cf. *Starr v. State,* 209 Ga. 258, 259 (5b), supra. Again no juror indicated any prejudice against appellant because he had entered the courtroom in handcuffs. Under these circumstances, we find no error in the trial court's denial of the

challenge to the array of the jury (*Phillips v. State,* 238 Ga. 616, supra), or in the denial of the motion for mistrial. *Howard v. State,* 144 Ga. App. 208, supra.

2. Appellant made a pre-trial motion to sever the escape count from the other counts in the indictment. That count charged that appellant on October 25, 1979, "being in the lawful custody of Russell Tanner, Sheriff of Bacon County, Georgia, in the Bacon County Jail in Alma, Georgia, charged in a warrant for Armed Robbery and Motor Vehicle Theft, prior to conviction, did escape therefrom . . ." Appellant was thus charged with misdemeanor escape pending trial for the other crimes charged in the same indictment. The alleged escape had occurred some thirty-five days after the other crimes charged in the indictment. Appellant's motion to sever the escape count was denied and this denial is enumerated as error.

"The right to severance of offenses exists only where the offenses have been 'joined *solely* on the ground that they are of the same or similar character.' [Cit.]" *Phillips v. State,* 238 Ga. 616, 618, supra. "However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cits.]" *Coats v. State,* 234 Ga. 659, 662 (4) (217 SE2d 260) (1975). It is clear that the charge of escape in the instant case is not "of the same or similar character" as the other charges in the indictment—armed robbery and motor vehicle theft—and that escape may, under certain circumstances, be one of a "series of acts connected together" and joined in a multi-count indictment. *Coker v. State,* 234 Ga. 555, 557 (1) (216 SE2d 782) (1975), revd. on other grounds 433 U. S. 584 (53 LE2d 982, 97 SC 2861) (1977), on remand 239 Ga. 408 (238 SE2d 690) (1977). Thus, the sole question presented is whether the trial court abused its discretion in determining, after balancing the interests of appellant and those of the state, that "the interest of justice" would not be served by granting appellant's motion to sever. *Jarrell v. State,* 234 Ga. 410, 412 (1) (216 SE2d 258) (1975).

Appellant concedes that the evidence of his escape from jail would have been admissible in a trial on the armed robbery and motor vehicle counts. *Strozier v. State,* 145 Ga. App. 566, 568 (3) (244 SE2d 89) (1978). The sole argument advanced in support of the contention that it was an abuse of discretion to deny the motion to sever is that evidence of the armed robberies and vehicle theft would not have been admissible in a trial on the escape count. We find appellant's reliance upon *Gillespie v. State,* 140 Ga. App. 408 (231 SE2d 154) (1976), to be misplaced and reject his argument. In *Gillespie* it was held that in a trial for pre-conviction escape a reference to his

*subsequent conviction* placed the defendant's character in issue and was erroneous. "[W]here the conviction does not occur prior to the escape and thus is not relied upon to establish the felony grade of offense, reference to the conviction is unnecessary and is error. [Cit.]" *Gillespie,* 140 Ga. App. at 409, supra. *Gillespie* does not, however, stand for the proposition that all references to antecedent criminality in a pre-conviction escape trial are error—only convictions subsequent to the escape. "[T]he general rule which prohibits references to other crimes by the accused is not fully applicable to a trial for escape, which by its nature alludes to a prior act resulting in incarceration or conviction . . . [E]vidence of the escapee's original crime is often an unavoidable aspect of the state's proof with regard to the lawfulness of confinement." *Fears v. State,* 138 Ga. App. 885, 887 (227 SE2d 785) (1976).

We thus conclude that in a trial on the misdemeanor offense of escape, evidence concerning appellant's alleged *prior commission of*—rather than his subsequent conviction of—the felony offenses of armed robbery and motor vehicle theft would be admissible to prove the lawfulness of appellant's confinement under Code Ann. § 26-2501 (b). Cf. *Dixon v. State,* 234 Ga. 157 (215 SE2d 5) (1975). Since, in the instant case, the felony counts were joined with the misdemeanor count, it follows that there could be no evidence presented concerning appellant's *subsequent conviction* of the former and *Gillespie* is, therefore, inapplicable to the factual posture of the case at bar. Rather, it is clear that evidence of appellant's prior commission of armed robbery and motor vehicle theft was relevant to the issue of his lawful confinement at the time of his subsequent escape under *Dixon,* supra. Since evidence of the commission of the armed robberies and car theft was relevant to the escape and evidence of the escape was relevant to the robberies and theft, the trial judge was justified in concluding that the interest of justice would not be served by ordering separate trials. *Frazier v. State,* 138 Ga. App. 640 (227 SE2d 284) (1976). There was no erroneous abuse of discretion in the trial court's refusal to sever the escape count from the other counts of the indictment. *Wilson v. State,* 245 Ga. 49 (262 SE2d 810) (1980).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 9, 1980 — DECIDED
SEPTEMBER 24, 1980.

*Jimmy J. Boatright,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.