63180, 63181. MORGAN v. THE STATE (two cases).
63182. STONE v. THE STATE.

BANKE, Judge.

Morgan and Stone were indicted for a June 1980 robbery and attempted escape. The attempted escape charge against Morgan was severed prior to trial; and, after some evidence had been received, the attempted escape charge against Stone was also severed. Both defendants were convicted of robbery by force. Case No. 63180 is Morgan's appeal from this conviction, and case No. 63182 is Stone's appeal.

Morgan was also indicted for a May 1978 armed robbery and escape, and he was convicted of these offenses in a separate trial. Case No. 63181 is his appeal from these convictions.

Both defendants enumerate as error the denial of their challenge to the array of jurors. Morgan based his challenge upon the ground that the jurors who heard the case were from the same panel from which jurors had been selected to hear the charges against him for the 1978 armed robbery and escape. He argues that he was prejudiced in that jurors who convicted him of robbery by force had been made aware of the other charges against him during the voir dire in the prior trial. Stone argues that the jurors' knowledge of the other charges against Morgan prejudiced him as well, because he was tried with Morgan. The state contends that the jurors' awareness of the other charges against Morgan was not grounds for their disqualification and that, even if it was, the challenges were properly denied because they were orally made. *Held:*

1. "The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled, or ought not to be put upon him; the sufficiency of which challenge the court shall determine at once. If sustained, a new panel shall be ordered; if not sustained, the selection of jurors shall proceed." Code § 59-803. The challenge was made orally; however, the record reveals that a written motion was filed prior to the hearing on the defendant's motions for new trial. " '[W]here a person accused of a crime is not afforded the opportunity to make appropriate objections to the illegal composition of the grand jury or the traverse jury before indictment or during the progress of the trial, he may raise the issue by motion for new trial or by habeas corpus proceedings.' *Cobb v. State,* 218 Ga. 10, 22 (4) (126 SE2d 231)." *McKenzey v. State,* 138 Ga. App. 88, 89 (225 SE2d 512) (1976). The state concedes that an oral challenge followed by a written challenge is proper, but argues that the defendants either were aware or should have been aware that both cases were to be tried, and that therefore the "lack of

opportunity" exception referred to above is not available to them. We do not agree. We cannot conclude that the defendants were bound to anticipate beforehand that both juries would be drawn from the same panel. Therefore, we will consider the challenge on its merits.

During voir dire prior to Morgan's armed robbery trial, the panel learned the nature of the charges against Morgan, and that possibly there had been a newspaper or other media account of the crime. No attempt was made by counsel for either defendant prior to the joint trial to disqualify prospective jurors based on this knowledge. See generally *Bryan v. State,* 124 Ga. 79 (52 SE 298) (1905). The trial court determined that the jurors put upon the defendant were qualified and impartial. We find no error.

2. Both defendants urge that their motions for new trial should have been granted on the general grounds. Prior to the severance of the attempted escape charges, the state's attorney offered documentary evidence to prove that at the time of the alleged escape attempt on June 26, 1980, Stone was serving a sentence imposed following an October 1979 conviction for aggravated assault. Although this evidence was clearly relevant to the escape charge (see *Fears v. State,* 138 Ga. App. 885 (1) (227 SE2d 785) (1976)), the trial court refused to admit it because the assault conviction had been reversed on appeal several days before the escape charges came to trial. The trial court then directed a verdict of acquittal as to Stone's escape charge on the basis of lack of evidence that the defendant was lawfully confined at the time of the attempted escape. Stone now urges, for the first time, that since the state failed to prove the basis for his confinement, he had the right to use "proportionate force to free himself," and that therefore his conviction of robbery by force must fall. The "proportionate force" argument here is an attempt on appeal to assert an affirmative defense which was not supported by evidence at trial. See generally Code Ann. § 26-401 (a). The motion for directed verdict on the robbery count was properly denied. The state's evidence showed that as Stone was being returned to his cell after making a phone call, he grabbed his jailer and moved him to a cell where Morgan was located. While Stone held the jailer, Morgan took the jailer's keys. There was testimony that the keys were of some value. From the evidence presented, a rational trier of fact could reasonably have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Both defendants enumerate as error the trial court's exclusion of testimony sought from the sheriff on cross examination, after he had testified as to the value of the jail keys, concerning a former inmate of the jail. Although given ample opportunity, counsel was unable to demonstrate the relevance of this line of questioning.

The trial court properly excluded the testimony. See generally Code Ann. § 38-201; *Flynt v. State,* 153 Ga. App. 232 (1) (264 SE2d 669) (1980).

4. Defendant Morgan enumerates as error the denial of his motions for mistrial based on comments of the district attorney in his opening statement to the effect that both defendants robbed the jailer of the keys, attempted "to make a get away," and were "both stopped." It is argued that this comment was an impermissible reference to the attempted escape charges which had been severed. The evidence was relevant as part of the *res gestae* of the robbery offense, and the comments were accordingly appropriate. See generally *Johnson v. State,* 148 Ga. App. 702 (252 SE2d 205) (1979).

5. The district attorney in closing argument referred to the charge as "armed robbery," whereupon he immediately corrected himself, and apologized, stating that he meant "robbery by force." The trial court overruled the defendant's motion for mistrial and instructed the jurors to erase any reference to armed robbery from their minds. We find no abuse of discretion on the part of the trial court and no possibility of harm to the defendants. See *Burke v. State,* 145 Ga. App. 804 (245 SE2d 47) (1978).

6. Defendant Stone urges that the trial court erred in denying his motion for mistrial after he and the co-defendant were brought into the jury's presence handcuffed. "Absent justifying circumstances, the defendant in a criminal case should not be seen by the jury handcuffed in the courtroom or courthouse. *McKenzey v. State,* supra. However, the mere fact that a handcuffed defendant is seen by jurors or prospective jurors is not a ground for the automatic grant of a challenge to the array of jurors or of a mistrial. [Cits.]" *Carter v. State,* 155 Ga. App. 840, 841 (273 SE2d 417) (1980). The evidence in this case was equivocal regarding whether any juror actually saw the defendants in handcuffs. The bailiff testified that the door to the room where the jury was located was only partially open and that they could not have seen the defendants. No evidence was presented to show that any juror saw the defendants in handcuffs. The trial court did not abuse its discretion in denying the motion for mistrial.

7. We have carefully considered the other enumerations of error in cases Nos. 63180 and 63182 and find them to be without merit.

8. On appeal from his separate convictions for the May 6, 1978, armed robbery and his escape several days after his arrest for that offense, Morgan contends that the two counts should have been severed because the two crimes were unrelated. We cannot agree. "[T]he general rule which prohibits references to other crimes by the accused is not fully applicable to a trial for escape, which by its nature

alludes to a prior act resulting in incarceration or conviction . . . [E]vidence of the escapee's original crime is often an unavoidable aspect of the state's proof with regard to the lawfulness of confinement." *Fears v. State,* supra, at 887; also see *Carter v. State,* supra. In addition, evidence of escape after arrest is relevant as evidence that the defendant committed the offense for which he was arrested. See *Johnson v. State,* supra.

9. The sheriff, testifying about the 1978 escape charge, said that Morgan had been recovered from authorities in Boston. The district attorney then asked, "What did you do then in the way of trying to get him back to Douglas?" The sheriff responded, "I went to the district attorney's office and asked that we forward a hold on him. We were notified of certain charges they had on him." The defendant moved for a mistrial, arguing that "no amount of instruction . . . [to the jury] . . . could possibly cure . . . [the effect of the comment] . . ."; and the trial court denied the motion.

In support of his contention that reversal is required, the defendant cites *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978), wherein the officer testifying twice gave gratuitous answers that were unresponsive to the question posed. The facts in this case are distinguishable from those in the *Boyd* case. The statement here was made only once. The police officer, although experienced, was merely responding in narrative form to questions asking him to explain what he did to attempt to locate the defendant. In addition, the case before us is not factually weak as was inferred in *Boyd.* The case of *Ates v. State,* 137 Ga. App. 647 (224 SE2d 767) (1976), is similarly inapposite. There, the witness had been specifically instructed not to "bring out the other charge" but did so anyway on two occasions. In the case before us now, there had been no such warnings, and the nature of the other charges was never specified. Compare *Lee v. State,* 154 Ga. App. 562 (3) (269 SE2d 65) (1980).

10. We have carefully considered each of the errors enumerated in Morgan's armed robbery appeal and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 16, 1982 —
REHEARING DENIED MARCH 3, 1982 IN CASE NOS. 63180, 63181 — ▮

*Douglas W. Mitchell III, J. Laddie Boatright,* for appellants.
*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.