### 64428. HAWKINS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for escape while armed with a dangerous weapon. *Held:*

While in pretrial custody for an alleged murder, defendant escaped while armed with a gun. Upon being tried for both the alleged murder and the escape, defendant was acquitted of murder and convicted of the escape. The sole enumeration of error is that the conviction cannot stand because the state did not prove that the defendant was convicted of the murder which was the basis for the pretrial custody from which he escaped.

"A person commits escape when he: (a) having been convicted of a felony or misdemeanor . . . intentionally escapes from lawful custody or from any place of lawful confinement; or (b) being in lawful custody or lawful confinement prior to conviction, intentionally escapes from such custody or confinement. A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment for not less than one nor more than five years. Any other person convicted of escape shall be punished as for a misdemeanor except that a person who commits escape while armed with a dangerous weapon shall, upon conviction, be punished by imprisonment for not less than one nor more than ten years." Code Ann. § 26-2501 (Ga. L. 1968, pp. 1249, 1312).

The same contention was made in *Fears v. State,* 138 Ga. App. 885 (1) (227 SE2d 785), which differs factually only in that the escape was not made while armed with a dangerous weapon, and which controls the result in this case.

"Defendant's novel interpretation of our escape statute is at odds with common sense and the obvious legislative intent underlying the penal statute. The gravamen of the offense, under the common law and under our statute as we construe it, is the intentional departure from lawful confinement or custody. [Cit.] The sole purpose of the phrase, 'prior to conviction' is to distinguish the misdemeanor offense from the felony grade. Since the defendant here

was charged with the misdemeanor grade of escape, the prosecution had no burden of showing a conviction to the original offense. Defendant's contention that the state failed to meet this burden is accordingly without merit." Id. at 886.

In the instant case, except for being armed with a dangerous weapon, the defendant also was charged with what is referred to in *Fears* as the misdemeanor grade of escape; that is, an escape prior to conviction. That defendant escaped armed with a dangerous weapon before being tried for the offense for which he was in custody and of which he was subsequently acquitted, does not indicate any different result.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

Decided September 13, 1982.

*John O. Bouwsma,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.