## 69479. BRENTLINGER v. THE STATE.
(327 SE2d 536)

BENHAM, Judge.

Appellant was convicted of the armed robbery of a convenience store. In his lone enumeration of error he contends that the trial court erred when it failed to grant a mistrial after the State allegedly placed appellant's character in issue.

The victim of the armed robbery described both his assailant and the get-away vehicle, a van. Shortly after the armed robbery, a police officer saw a man matching the robber's description flee from a van that fit the description. The officer stated that the vehicle had an out-of-state tag, and photographic exhibits revealed an Oklahoma license plate affixed to the vehicle. A GBI agent testified that the license plate on the van did not belong to the vehicle and that the name of the owner, a Pennsylvania woman, was determined through tracing the van's vehicle identification number. When asked how appellant's

name was substantiated, the agent replied, "The name 'Brentlinger' came from the victim of the stolen vehicle, and also deciphering letters which were in the vehicle at the time." Appellant immediately moved for a mistrial on the ground that his character had been impermissibly placed in evidence by the State.

Our review of the record leads us to the conclusion that the testimony in question did not clearly place appellant's character in issue, because the testimony was ambiguously incomplete. Although the GBI agent disclosed that the van was stolen, there was no testimony that identified appellant as the thief. See *Jackson v. State*, 156 Ga. App. 255 (2) (274 SE2d 665) (1980). See also *Simmons v. State*, 172 Ga. App. 695 (4) (324 SE2d 546) (1984); *Brown v. State*, 162 Ga. App. 198 (3) (290 SE2d 540) (1982). Furthermore, the case against appellant was not factually weak as was inferred in *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978), cited by appellant. See *Morgan v. State*, 161 Ga. App. 484 (9) (287 SE2d 739) (1982). Appellant's character not having been made an issue by the State, the trial court's refusal to grant a mistrial was not error.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1985.

*Percy J. Blount*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.