A97A1669. NORRIS v. THE STATE.
(489 SE2d 875)

BLACKBURN, Judge.

Eric Scott Norris appeals his conviction of felony escape. Norris contends that the trial court erred in admitting evidence of his previous convictions, in allowing the State to cross-examine him regarding crimes for which he had not been convicted, and in improperly limiting his cross-examination of a State's witness regarding pending charges against the witness. Norris also contends that the evidence

was insufficient to support the verdict.

1. Norris asserts that the trial court committed reversible error when it allowed the State to introduce evidence of his prior convictions after he offered to stipulate that he had been convicted of a felony in Carroll County for which he was being lawfully held.

OCGA § 16-10-52 (a) provides that "[a] person commits the offense of escape when he: (1) [h]aving been convicted of a felony or misdemeanor . . . intentionally escapes from lawful custody or from any place of lawful confinement." In *Dixon v. State*, 234 Ga. 157, 158 (1) (215 SE2d 5) (1975), the Supreme Court of Georgia determined that "[t]he lawful confinement of the appellant at the time of his escape was a necessary element of that offense and the fact that the appellant offered to stipulate that he was lawfully confined would not prevent the state from proving this element of the crime." Therefore, Norris' argument has been decided adversely to him.

Norris' reliance on *Fears v. State*, 138 Ga. App. 885 (227 SE2d 785) (1976) is misplaced. In *Fears*, the defendant was convicted of misdemeanor escape. Therein we specifically distinguished felony escape and stated that "proof of the prior conviction is required in felony escape trials." Id. at 887 (2). Norris' enumeration of error is without merit.

2. In his second enumeration of error, Norris contends that the trial court improperly allowed the State to cross-examine him regarding crimes of which he had not been convicted.

The record reflects that when questioning Norris about the basis of his incarceration, the State asked if he was found guilty on a 13-count indictment. Norris answered that he was not convicted of all 13 crimes. When asked if he was convicted on numerous counts, Norris responded affirmatively. After the trial court overruled Norris' counsel's objection to mentioning the counts of which Norris had not been convicted, the State proceeded to list the charges of which Norris was convicted — several counts of cruelty to children and giving false statements. The State also listed the charges of which he was not convicted — kidnapping, battery, false imprisonment, and bigamy.

In Division 1, we determined that the State was allowed to introduce evidence of prior convictions to establish the elements of felony escape. However, allowing evidence of crimes charged for which the defendant was found not guilty does not establish any element of felony escape nor does it rebut Norris' claim of coercion. Therefore, the introduction of this evidence was error. This finding, however, does not end our inquiry. We must now determine whether "it is highly probable that this error did not contribute to the jury's verdict. See *Pardo v. State*, 215 Ga. App. 317, 318 (2) (450 SE2d 440) (1994)." *Carlton v. State*, 224 Ga. App. 315, 317 (2) (480 SE2d 336) (1997).

The evidence at trial established that Norris admitted escaping;

however, he contended that he was coerced into escaping by another inmate. OCGA § 16-3-26 precludes a person from being guilty of any crime except murder "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Coercion is an affirmative defense, see OCGA § 16-3-28, and therefore the burden rests upon the State to disprove coercion beyond a reasonable doubt. See *Hansen v. State*, 205 Ga. App. 604, 607-608 (2) (423 SE2d 273) (1992).

To disprove Norris' coercion defense, the State elicited testimony from Edwin Thompson, a co-escapee, and Vicky Steed, an investigator with the Carroll County Sheriff's Office. Thompson testified that several inmates were planning to escape, but only he and Norris crawled through a hole in the ceiling into vents which eventually led to the roof. They ran across the roof and dropped off the building to the ground outside the fence. Investigator Steed testified that upon arresting Norris for escape, he was taken to the hospital for a broken leg. A few days later Investigator Steed took Norris' statement after informing him of his *Miranda* rights. Norris told Investigator Steed that he and Thompson crawled through a hole in Cell 33 and came out the air conditioning duct on top of the building. Norris stated that he broke his leg when he dropped off the building onto the ground. Thompson helped him, and they went to an apartment. Norris initially stated that Cathy Healy was waiting in a car at the highway, but later he agreed with Thompson that no one was waiting for them. Norris stated that he lied in order to get Healy in trouble because she had testified against him at the trial on his original conviction. Norris did not indicate to Investigator Steed that he had been threatened or coerced into escaping.

Based upon the evidence presented at trial, including Norris' admission of his escape, his failure to tell his co-escapee or the investigator that he was coerced, and admissible evidence of previous convicted crimes, we find that it is highly probable that the introduction of the indictment containing crimes of which Norris was acquitted did not contribute to the jury's verdict.

3. Norris contends that the trial court erred in restricting his cross-examination of the co-escapee, the State's witness, regarding any pending charges against the witness. The record reflects that the court did not allow questions regarding a charge of statutory rape that was dropped by the prosecutor's office over a month prior to the escape.

"A criminal defendant has the right to cross-examine a witness concerning pending criminal charges against the witness for purposes of exposing a witness' motivation in testifying, e.g., bias, parti-

ality, or agreement between the government and the witness. *Davis v. Alaska*, 415 U. S. 308, 316-317 (2) (94 SC 1105, 39 LE2d 347) (1974); *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). At the same time, the extent of cross-examination is within the sound discretion of the trial court. *Hines*, supra at 260 (2)." *Kennebrew v. State*, 267 Ga. 400, 402-403 (3) (480 SE2d 1) (1996).

In the present case, the witness testified that he pled guilty to the escape charge and the State recommended that he receive a concurrent sentence. The witness was cross-examined regarding the reasons why he was in jail at the time of the escape. He was on parole for a burglary conviction, and his parole was revoked because of "dirty urine, moving without authorization, change of residence and failure to stay in substance abuse counseling." Cross-examination was restricted by the court only when the defense attempted to question the witness regarding charges which were dropped prior to the escape.

Under such circumstances, the defense was allowed to question the witness regarding any pending criminal charges against him to expose his motivation to testify. We cannot say that the trial court abused its discretion by limiting the cross-examination to charges pending at the time of the escape.

Norris also contends that the trial court improperly invoked the Fifth Amendment for the witness. However, Norris failed to enumerate this as error. Therefore, we do not address it. "When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted in the single enumeration. (Cit.) *Howard v. State*, 220 Ga. App. 267, 271 (4) (469 SE2d 396) (1996)." (Punctuation omitted.) *Quarterman v. State*, 223 Ga. App. 566, 569 (5) (d) (479 SE2d 397) (1996).

4. In his final enumeration of error, Norris contends that the evidence was insufficient to support his conviction.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. . . . [Cit.] To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Punctuation omitted.) *West v. State*, 224 Ga. App. 190 (1) (480 SE2d 238) (1997).

Although Norris contended at trial that he was coerced into escaping, "the credibility of witnesses and the resolution of evidentiary conflicts are for the jury." (Citations and punctuation omitted.)

*Price v. State*, 223 Ga. App. 185, 190 (477 SE2d 353) (1996). Norris' failure to tell Investigator Steed about any coercion is relevant to our consideration of his affirmative defense. See *Rhodes v. State*, 239 Ga. 257, 259 (236 SE2d 609) (1977). Whether a defendant is coerced into acting is a question for the trier of fact. See *In the Interest of W. C. J.*, 218 Ga. App. 452, 454 (1) (462 SE2d 168) (1995). Also, "[c]oercion is a defense only if the person coerced has no reasonable way, other than committing the crime, to escape the threat of harm. That question is for the jury." (Citation omitted.) *Stitt v. State*, 190 Ga. App. 58, 59 (378 SE2d 168) (1989).

Viewing the evidence in the light most favorable to the verdict, we find it sufficient to authorize the jury's finding that Norris was guilty beyond a reasonable doubt of escape.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 25, 1997.

*Thomason & Blackmon, Dennis T. Blackmon*, for appellant.
*Peter J. Skandalakis, District Attorney, Christopher J. Adams, Assistant District Attorney*, for appellee.