## A02A2258. DORSEY v. THE STATE.
### (576 SE2d 637)

BLACKBURN, Presiding Judge.

A jury found Jim Dorsey guilty of felony escape, and the trial court imposed a ten-year sentence.[1] Contesting the legal definition of the term "conviction" utilized at his trial, Dorsey filed this appeal. After applying the controlling law to these most unique facts, we reverse the judgment, vacate the sentence, and remand for resentencing.

On May 5, 1998, Dorsey pleaded guilty to charges under Indictment No. 97R506, those being, burglary, four counts of entering an auto, financial transaction card fraud, and two counts of financial transaction card theft. Dorsey's sentencing was deferred to a later date. The next day, May 6, detention officers at the jail, relying on Dorsey's representations that he was due in court, transported him to the courthouse. Apparently, a construction crew had left a door on an upper floor unlocked, and Dorsey managed to leave undetected. After his absence was discovered "at around noontime," investigators proceeded to the house of Dorsey's girlfriend. There, officers found Dorsey hiding underneath a bed. The State indicted, tried, and convicted him for felony escape, which conviction forms the basis of the present appeal.

At trial, Dorsey argued that since sentencing did not occur until June 12, 1998, he did not stand "convicted" within the meaning of the law at the time of his escape on May 6, 1998. Dorsey pointed out that prior to sentencing, he had "an absolute right under [OCGA §] 17-7-93," to withdraw his guilty plea. Dorsey asserted that because his guilty plea had not been accepted by the trial court and the trial court had not yet entered its sentence, the conviction process remained incomplete. The State, relying upon "common sense," insisted that the facts constituted felony escape. The State argues that "basically, a guilty plea is more than a mere confession of certain acts [but is] in and of itself a conviction" relying on *Bowers v. Moore.*[2] In essence, the State argued that the two terms are interchangeable.

---

[1] Dorsey's sentence was later amended under OCGA § 17-10-7 (c), to foreclose the possibility of parole before his completion of the full sentence.

[2] *Bowers v. Moore,* 266 Ga. 893 (471 SE2d 869) (1996).

The State's reliance upon *Bowers v. Moore*, supra, is misplaced because that case decided the validity of a guilty plea obtained after the trial court had failed to inform the defendant of his right to confront witnesses and his privilege against self-incrimination should he elect to proceed to trial. In deciding that Moore's rights were violated, our Supreme Court quoted this sentence from *Boykin v. Alabama*:[3] "A plea of guilty is more than a mere confession of certain acts, 'it is itself a conviction; nothing remains but to give judgment and determine punishment.' " *Bowers*, supra at 894 (1). But, in so stating, the U. S. Supreme Court was not saying that the two terms, i.e., a guilty plea and a judgment, are synonymous, but was analogizing to the specific constitutional safeguards required for admitting a confession. After explaining those prerequisites, the Supreme Court observed:

> A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege[s] against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.

(Citation and punctuation omitted.) *Boykin*, supra at 243, n. 5. Thus, the dicta in *Bowers v. Moore* that quoted *Boykin* sheds no light on the legal analysis here. Neither case holds that a guilty plea constitutes a final judgment of conviction.

Before the present case proceeded to the jury, the trial court entered a finding that "Mr. Dorsey's plea of guilty on May 5, 1998, did amount to a conviction for the purposes of this statute under which he has been indicted; that is [OCGA §] 16-10-52 (a) (1)." Dorsey objected, arguing that the court had eviscerated his sole defense that he had not been under any sentence when he escaped. Dorsey also specifically objected to the trial court's refusal to give his requested charge on misdemeanor escape as a lesser included offense.

In his sole enumerated error, Dorsey contends that the trial court erred in ruling as a matter of law that the guilty plea at issue was a "conviction" within the meaning of the escape statute. We agree.

At the time of trial, OCGA § 16-10-52 (b) provided in pertinent part: "[a] person who, having been convicted of a felony or misde-

---

[3] *Boykin v. Alabama*, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969).

meanor, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years." But, in framing the indictment in this case, the State hamstrung the prosecution, because: Count 1 of the indictment alleged that Dorsey "after having been convicted of Entering Auto, 4 counts, Financial Transaction Card Fraud, 2 counts, Financial Transaction Card Theft to wit: Indictment No. 97R506 . . . intentionally escaped from, the lawful custody of the Dougherty County Sheriff, while being escorted to the Superior Court of Dougherty County." We do not consider Dorsey's other purported prior convictions for burglary, obstruction, entering auto, and escape, as the indictment here did not rely on any of those convictions as the basis for a felony escape charge. Instead, the allegations charging Dorsey with felony escape relied exclusively on his May 5 guilty plea to Indictment No. 97R506. See *Pruitt v. State*[4] (indictment cannot be amended to conform with proof).

At trial, the State's sole exhibit was Dorsey's guilty plea to Indictment No. 97R506. Absolutely no evidence was offered as to any misdemeanor conviction or other felony conviction. The verdict form indisputably establishes that the jury found Dorsey guilty of Count 1, a charge of felony escape predicated on Dorsey's "conviction" in Indictment No. 97R506.

"Criminal statutes are to be strictly construed. The liberty of a citizen is not to be abridged by implication, nor is any statute, making an act a crime, to be extended beyond its express terms." *Welch v. State*.[5] As expressly defined in the criminal Code, a " '[c]onviction' includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." OCGA § 16-1-3 (4). Thus, "[t]he terms 'judgment' and 'conviction' are not synonymous with 'verdict.' " *Cotten v. State*.[6] " 'Conviction' is not the verdict; it is the judgment on the verdict or guilty plea. OCGA § 16-1-3 (4)." *Leslie v. State*.[7]

"[T]he fact of conviction prior to escape is an essential element of the crime [of felony escape], and it may be alleged and proved. [Cits.]" *Gillespie v. State*.[8] "[P]roof of the prior conviction is required in felony escape trials." *Fears v. State*.[9] But here, the record lacks proof of that essential element because no final judgment of conviction had yet been entered upon Dorsey's plea of guilty. See *Blackstock v. State*.[10] Since final judgment had not been pronounced, Dorsey had an abso-

---

[4] *Pruitt v. State*, 135 Ga. App. 677, 680 (4) (218 SE2d 679) (1975).
[5] *Welch v. State*, 4 Ga. App. 388, 389 (61 SE 496) (1908).
[6] *Cotten v. State*, 251 Ga. App. 628, 629, n. 2 (555 SE2d 15) (2001).
[7] *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994).
[8] *Gillespie v. State*, 140 Ga. App. 408 (1) (231 SE2d 154) (1976).
[9] *Fears v. State*, 138 Ga. App. 885, 887 (2) (227 SE2d 785) (1976).
[10] *Blackstock v. State*, 270 Ga. 117, 119 (4), n. 5 (506 SE2d 130) (1998).

lute right to withdraw his plea of guilty under OCGA § 17-7-93 (b). Therefore, since Dorsey had not yet been convicted of the felony offenses alleged in Count 1 of the indictment, an essential element of the crime of felony escape is lacking and this conviction cannot stand. See *Fears*, supra (when defendant charged with felony grade of escape, State must prove prior conviction).

As Dorsey concedes, misdemeanor punishment is appropriate under the facts of this case. We agree. By law, "[a] prisoner may be convicted of felonious escape only where his previous confinement is pursuant to a felony or misdemeanor conviction and 'all other escapees must receive misdemeanor punishment.'" *Smith v. State*.[11] Under the facts of this case, as Dorsey admits, he was guilty of misdemeanor escape as a lesser included offense of felony escape. Although the State failed to prove that he escaped following a conviction, thereby supporting a finding of felony escape, it nonetheless proved the act of escape itself, thereby supporting a finding of misdemeanor escape. See generally OCGA § 16-1-6. Accordingly, we must reverse the judgment of the trial court, vacate the sentence, and remand the case for resentencing in accordance with this opinion.

*Judgment reversed. Sentence vacated and case remanded for resentencing. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 17, 2003.

*Hugh O. Morris, Jr.*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[11] *Smith v. State*, 154 Ga. App. 608, 609 (269 SE2d 100) (1980).