A95A0378. ASHTON v. THE STATE.
(457 SE2d 226)

BEASLEY, Chief Judge.

Ashton was convicted of certain misdemeanor offenses. After being incarcerated for part of his sentence, he was placed on probation but it was revoked. He was placed in a work release program and ordered to reside in a diversion center, which he allegedly left and failed to return to as required. He was charged with the felony offense of escape, OCGA § 16-10-52 (a) (3).

Ashton filed a special demurrer to the indictment and a motion

to dismiss under the authority of *Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988). The question in *Chandler* was whether a probationer participating in an alternative incarceration program, having failed to return to a diversion center from which he had been given permission to leave, was subject to prosecution for the felony offense of escape or merely to revocation of his probation. The Court held that it was uncertain which penalty was applicable and therefore the accused was entitled to have the lesser of the two sanctions administered, i.e., probation revocation.

In 1989, after *Chandler*, the General Assembly amended OCGA § 16-10-52 by adding paragraph (a.1): "Revocation of probation for conduct in violation of any provision of subsection (a) of this Code section shall not preclude an independent criminal prosecution under this Code section based on the same conduct." The superior court denied Ashton's motion to dismiss the indictment, holding that *Chandler* is no longer controlling precedent due to the amendment. Ashton was then convicted of escape in a bench trial.

On appeal he argues that the amendment deprives him of his constitutional right to equal protection of the law. That argument was rejected by the Supreme Court, to which this case was originally appealed and from which it was transferred to this court. " 'The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious. [Cit.]' [Cit.]" *Turner v. State of Ga.*, 213 Ga. App. 309, 310 (1) (444 SE2d 372) (1994). Thus, as in *Turner*, the challenge to the constitutionality of OCGA § 16-10-52 (a.1) must be deemed to lack merit.

That is reason enough to affirm the conviction, but in addition, this case is distinguishable from *Chandler*. At the time of Ashton's escape he was not residing in the diversion center as a condition of probation. Rather, he was residing there in service of misdemeanor sentencing after his probation had been revoked. Revocation of probation was not available to the State as an alternative response to Ashton's behavior.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 6, 1995 —
RECONSIDERATION DISMISSED APRIL 27, 1995.

*White & Bloodworth, Michael M. White*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.