## A98A1128. ECHOLS v. THE STATE.
(505 SE2d 55)

BEASLEY, Judge.

Emmanuel Echols pled guilty to theft by receiving stolen property (OCGA § 16-8-7) and was sentenced to five years to serve six months. The judge allowed Echols an alternative to serving the six months by "commuting" the six months to time served upon completion of the diversion center program, with the balance of the sentence (four and one-half years) probated. Conditions of probation included that he not violate other criminal laws and that he report to the probation supervisor as directed.[1]

While at the diversion center, Echols was allowed to leave for work, but he did not return one evening as directed. He was found and arrested a month later. Following a hearing, the court revoked his probation and ordered service of four of the original years, balance suspended.

Echols asserts that the court had power to revoke only the six-month portion of his sentence because only this portion of the sentence was conditioned on him completing the diversion program. He further contends that, even if completion of the diversion portion were considered a condition of his probation, under OCGA § 42-8-34.1 (b) the court at most could have revoked only two years.[2]

Echols is correct that failure to complete the diversion program forfeited only the opportunity to avoid the six-month incarceration ordered in the original sentence. Had this been the only issue, then the court could only require that he serve the remainder of the six months. But Echols did more than just choose to abandon the diversion program; he committed a felony.

Under OCGA § 16-10-52 (a) (5), not reporting back to a diversion center constitutes the felony offense of escape.[3] "[A] person commits the offense of escape when he . . . [i]ntentionally fails to return as instructed . . . to any residential facility operated by the Georgia Department of Corrections after having been released on the condition that he . . . will so return. . . ."[4] The very first condition of probation was: "Do not violate the criminal laws of any governmental unit."

OCGA § 42-8-34.1 (c) provides that if defendant commits a felony offense, "notwithstanding any other provision of law, the court may

---

[1] See OCGA § 42-8-35 (3), (11).

[2] See *Cockrell v. Brown*, 263 Ga. 345 (433 SE2d 585) (1993) (violation of probation other than by commission of felony limits revocation to two years).

[3] *Ashton v. State*, 217 Ga. App. 337, 338 (457 SE2d 226) (1995).

[4] OCGA § 16-10-52 (a) (5). The statute was amended on April 22, 1997 to add subsections and to make minor revisions not relevant to this case. Ga. L. 1997, pp. 1064, 1070-1071, § 10. At the time of the offense this language was found in OCGA § 16-10-52 (a) (3).

revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed" for the felony.[5] Because the crime of escape carries a possible sentence of ten years,[6] the court was authorized to revoke four years of Echols' probation for failure to abide by the terms of diversion and the general conditions of probation.

*Chandler v. State*,[7] a 3-1-3 decision holding that a probationer who failed to return to a diversion center as instructed could only have his probation revoked and could not be guilty of the felony offense of escape, predates the 1989 amendment to OCGA § 16-10-52 stating otherwise.[8]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 27, 1998.

*Elizabeth L. Markowitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[5] See *Manville v. Hampton*, 266 Ga. 857, 858-859 (2) (471 SE2d 872) (1996) (commission of felony is violation of probation); *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) (same); *Layson v. Montgomery*, 251 Ga. 359, 360-361 (1) (306 SE2d 245) (1983) (felony of escape is a violation of probation even if probated part of sentence has yet to be served).

[6] OCGA § 16-10-52 (b).

[7] 257 Ga. 775 (364 SE2d 273) (1988).

[8] See Ga. L. 1989, pp. 329, 330, § 1; OCGA § 16-10-52 (a) (5), (a.1); *Ashton*, supra, 217 Ga. App. at 338.