## A00A0849. MAY v. THE STATE.
(535 SE2d 252)

RUFFIN, Judge.

Following a bench trial on stipulated facts, the trial court found Leroy May III guilty of felony escape and sentenced him to five years with two to serve. In his sole enumeration of error on appeal, May

---

[5] Id.

[6] Id. at 97-98.

challenges the sufficiency of the evidence. For reasons that follow, we affirm.

Prior to trial, May stipulated to the following facts. In March 1991, May pled guilty to felony forgery and was sentenced to five years to be served on probation. After he violated a condition of his probation, his sentence was modified to require that he serve four to six months in a Diversion Center. On September 12, 1994, May left the Diversion Center and failed to return as required. Following an eight-hour grace period, May was declared an escapee. On January 16, 1999, May was arrested for the offense of escape.

On appeal, May asserts that the trial court erred in failing to grant his motion for directed verdict because the State failed to prove the offense of felony escape. According to May, the State merely proved that he had committed misdemeanor escape.

Escape is defined, in pertinent part, as:

> Intentionally fail[ing] to return as instructed to lawful custody or lawful confinement or to any residential facility operated by the Georgia Department of Corrections after having been released on the condition that he . . . will so return; provided, however, such person shall be allowed a grace period of eight hours from the exact time specified for return if such person can prove he . . . did not intentionally fail to return.[1]

Under OCGA § 16-10-52 (b):

> [a] person who, having been convicted of a felony or misdemeanor, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years. Any other person convicted of the offense of escape shall be punished as for a misdemeanor.

Thus, the basis for a person's detention determines whether the offense constitutes either felony or misdemeanor escape.[2] May asserts that, under the express language of this provision, he was guilty only of misdemeanor escape. We find his assertion meritless.

Here, May stipulated that he had been convicted of forgery. He also stipulated that, when he violated the terms of his probation, he was confined to a Diversion Center. Finally, May stipulated that he failed to return to the Center as instructed. Clearly, these facts constitute felony escape.

---

[1] OCGA § 16-10-52 (a) (5).

[2] *Smith v. State*, 154 Ga. App. 608 (269 SE2d 100) (1980) ("The authority for the detention is an essential element of the felony offense of escape.").

Contrary to May's contention, *Smith v. State*[3] does not require a different result. In *Smith*, the defendant was convicted of burglary and placed on probation, which he allegedly violated. While waiting for a hearing on the alleged violation, the defendant escaped from lawful custody. In finding that the defendant's escape was a misdemeanor, this Court reasoned that the basis for the defendant's confinement was the alleged probation violation — not the underlying conviction. Here, however, the basis for May's detention was more than a mere allegation. May stipulated that he violated his probation. Accordingly, his *original sentence* for his forgery conviction was modified to include confinement in the Diversion Center.[4] Thus, the authority for May's confinement was his original conviction, and when May escaped his confinement, he committed a felony. It follows that the trial court did not err in sentencing him under the felony sentencing provision.[5]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 25, 2000.

*G. Randolph Jeffery*, for appellant.

*Alan A. Cook, District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.

---

[3] Id.
[4] See OCGA § 42-8-34 (g) (judge empowered to revoke or modify a probated sentence).
[5] See *Echols v. State*, 233 Ga. App. 578 (505 SE2d 55) (1998).