## A03A2171. BOND v. THE STATE.
(588 SE2d 801)

ANDREWS, Presiding Judge.

Kimberly Ann Bond was convicted after a bench trial of felony escape and sentenced to serve one year in custody and five years on probation. On appeal, Bond argues the trial court erred in finding her guilty of felony escape instead of misdemeanor escape. Because Bond's underlying conviction, robbery by intimidation, was a felony, the trial court properly sentenced her for felony escape under OCGA § 16-10-52 (b) (1).

The underlying facts in this case are undisputed. Bond was first sentenced to seven years after a negotiated plea to robbery by intimidation. The first 60-120 days of the sentence were to be served in custody and the remainder on probation. While still on probation, Bond was arrested for DUI, driving with a suspended license, and possession of an open container. Bond's probation was then revoked for 70 days confinement with credit for time served.

After serving the 70 days, Bond was released on intensive proba-

tion with all other conditions of the sentence intact. Bond never reported to probation. Her probation was again revoked and she was sentenced to six months in the Gwinnett County Work Release Program. After five days in the work release program, Bond signed out for the day and did not return.

OCGA § 16-10-52 (b) provides:

> (1) A person who, having been convicted of a felony, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years. (2) Any person charged with a felony who is in lawful confinement prior to conviction or adjudication who is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than five years. (3) Notwithstanding paragraphs (1) and (2) of this subsection, a person who commits the offense of escape while armed with a dangerous weapon shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than 20 years. (4) Any other person convicted of the offense of escape shall be punished as for a misdemeanor.

Bond does not dispute that she escaped from the center for purposes of sentencing under OCGA § 16-10-52, but argued below and now on appeal that she should be treated as a misdemeanor escapee, not a felony escapee. She contends that she was sentenced to the work release program for violation of the probation sentence and that her original sentence on the felony conviction did not involve the work release program in any way. Therefore, she should have been sentenced under OCGA § 16-10-52 (b) (4), the catchall provision because OCGA § 16-10-52 (b) is silent as to escape while on sentence for violation of probation.

In construing this Code section, this Court has held that "the basis for a person's detention determines whether the offense constitutes either felony or misdemeanor escape." *May v. State*, 244 Ga. App. 201, 202 (535 SE2d 252) (2000).[1] In *May*, a case directly on point, the defendant was convicted of a felony, violated the terms of his probation, was placed in a diversion center, and failed to return to the center as instructed. Id. This Court held that under these circumstances, the defendant's original felony sentence had been modified to include confinement in the diversion center; thus, the authority for the confinement was the original conviction. Id. at 203.

Applying the reasoning in *May* to the instant case, Bond's under-

---

[1] Although *May* was decided under the previous version of OCGA § 16-10-52 (b), this does not alter the reasoning or the result.

lying felony conviction was the authority for her confinement in the work release program. It follows therefore, that Bond should be sentenced under OCGA § 16-10-52 (b) (1). *May*, supra. There was no error.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 14, 2003.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.