## 59676. SMITH v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for the offense of escape in that "after having been convicted of the offense of Burglary . . . [he] . . . did intentionally escape from" a deputy sheriff and was thereafter retaken. He was found guilty by a jury and was sentenced by the court to confinement for a period of five years as a felony, said sentence to be consecutive to any sentence now being served. Defendant appeals. *Held:*

The sole error enumerated is the trial court's sentencing defendant under Code Ann. § 26-2501 (Ga. L. 1968, pp. 1249, 1312) for a felony offense rather than a misdemeanor where the escape was without a dangerous weapon and where his confinement was due to the fact that he was awaiting trial of pending charges. We are not concerned with the issue of escape but with the reasons for his being confined at the time that he did escape. "A person who, having been convicted of a felony or misdemeanor, is convicted of escape shall be punished by imprisonment of not less than one nor more than five years." Code Ann. § 26-2501, supra. The defendant contends that he was in lawful custody prior to a hearing as to his alleged violation of probation upon his conviction for burglary following a plea of guilty and a sentence to a term of ten years to be served on probation. The state offered in evidence the warrant for his arrest as a probationer and copies of the indictment in which he was charged with the offense of burglary from an automobile. The defendant offered no evidence.

The authority for the detention is an essential element of the felony offense of escape. See *Dixon v. State,* 234 Ga. 157, 158 (1) (215 SE2d 5). However, in that case the state proved the offense of escape "by introducing his conviction of theft by taking and the revocation of his parole." In the case sub judice the state has not offered any testimony showing that his probated sentence had been revoked at

the time of his escape. The state merely showed that he had been arrested as a probationer for the violation of conditions of his probation in that he had committed a number of offenses shown in the arrest warrant. A prisoner may be convicted of felonious escape only where his previous confinement is pursuant to a felony or misdemeanor conviction and "all other escapees must receive misdemeanor punishment." *Pruitt v. State,* 135 Ga. App. 677, 679 (218 SE2d 679).

Construing the statute most strongly against the state, as we must in criminal cases, requires that this conviction be treated as one for a misdemeanor as his confinement was not due to a criminal conviction but he was a prisoner in lawful custody prior to conviction and under an arrest warrant awaiting a hearing as to revocation of his probation. *Gibson v. State,* 38 Ga. 571; *Wood v. State,* 68 Ga. App. 43 (21 SE2d 915); *Hill v. State,* 53 Ga. 125, 127; *Pacolet Mfg. Co. v. Weiss,* 185 Ga. 287, 295 (194 SE 568); *Riley v. Garrett,* 219 Ga. 345, 347 (133 SE2d 367). Accordingly, the sentence is vacated with direction that the trial court sentence the defendant for a misdemeanor.

*Judgment reversed with direction as to the sentencing. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED MAY 13, 1980.

*Michael R. Casper,* for appellant.
*Jeff Wayne, District Attorney,* for appellee.