## S04A1784. CAMPBELL v. THE STATE.
### (607 SE2d 565)

HUNSTEIN, Justice.

Bernard Wayne Campbell was convicted of malice murder in the stabbing death of Charlesteen Hunter and of rape, kidnapping, aggravated assault and other crimes committed against A. F.[1] Campbell appeals from the denial of his motion for new trial, challenging

---

[1] The crimes occurred on December 1, 2001. Campbell was indicted February 27, 2002 in Chatham County on charges of malice murder, felony murder and possession of a knife during the commission of a crime as to victim Hunter and rape, kidnapping with bodily injury, two counts of aggravated assault, possession of a knife during the commission of a crime and

the sufficiency of the evidence, the sufficiency of the felony murder indictment and the admission of prior difficulties evidence. Finding no error, we affirm.

1. After A. F. ended the tumultuous ten-year relationship she had with Campbell in October 2001, she began dating Charlesteen Hunter. The jury was authorized to find that Campbell came up behind the couple as they were leaving A. F.'s apartment early on December 1, 2001. After telling A. F. that he had "finally caught [them] together," Campbell threatened A. F. and then attacked Hunter, tackling the smaller man who was attempting to flee and repeatedly stabbing him. Neither A. F. nor any of the other witnesses to the fight saw Hunter with a weapon. Campbell thereafter forced A. F. from the scene; police, who responded to 911 calls about a couple fighting, did not see Hunter, who had dragged himself nearly 100 feet away before succumbing to his fatal injuries. A. F. was also cut during her struggles with Campbell, who took her to his home and twice demanded she engage in sexual intercourse with him, which she did so out of fear for her life. After Hunter's body was discovered and Campbell was identified as a suspect, police went to his home. They found Campbell and A. F. in the bedroom, where she was naked from the waist down, covered in blood and calling to them for help. A. F., police officers and other witnesses testified about prior violent encounters between A. F. and Campbell. Testimony was also presented that no weapon was found at the murder scene; that Hunter sustained numerous defensive injuries and died from stab wounds that penetrated his heart and liver; and that Campbell had only one cut, on his hand.

At trial Campbell claimed self-defense, testifying that Hunter was the initial aggressor and attacked Campbell from behind with an object Campbell believed was a knife. Campbell also testified that A. F. voluntarily accompanied him home and initiated the sexual encounters. He denied injuring A. F. and had no explanation for the injuries she incurred.

This Court does not weigh evidence or resolve conflicts in testimony. Instead, "evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. [Cit.]" *Dean v. State*, 273 Ga. 806, 807 (1)

---

stalking as to victim A. F. He was found guilty on all charges except kidnapping with bodily injury, for which he was found guilty of the lesser included offense of simple kidnapping, on October 24, 2002. On November 5, 2002 he was given two life sentences for the malice murder and rape convictions; the trial court properly merged other counts and sentenced Campbell to various terms of years for the remaining convictions. His motion for new trial, filed November 8, 2002 and amended February 12, 2004, was denied by order filed on February 18, 2004. A notice of appeal was filed February 23, 2004. The appeal was docketed July 7, 2004 and was submitted for decision on the briefs.

(546 SE2d 499) (2001). Although Campbell contends the evidence was insufficient to prove malice murder, only voluntary manslaughter provoked by A. F.'s sexual involvement with Hunter, the evidence that Campbell initiated the fight with Hunter, tackled the much smaller man as he attempted to flee and repeatedly stabbed his unarmed victim amply authorized the jury to find malice. See *Somchith v. State*, 272 Ga. 261 (1) (527 SE2d 546) (2000). Regarding Campbell's convictions for the crimes victimizing A. F., " 'resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.' [Cit.]" *Dean*, supra. The jury was thus authorized to reject Campbell's version of the facts and credit instead the testimony of A. F., eyewitnesses, police officers and the forensic evidence presented by the State. We conclude that the evidence adduced was sufficient to enable a rational trier of fact to find Campbell guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Because the trial court did not enter judgment on the guilty verdict on the felony murder count of the indictment, Campbell's challenge to the sufficiency of the language in that count is moot. See *Braley v. State*, 276 Ga. 47 (2) (572 SE2d 583) (2002).

3. We have carefully reviewed the evidence of seven prior difficulties between A. F. and Campbell that the State presented at trial and find no error in the admission of that evidence. The State established a proper purpose for the evidence, namely, to show the length and intensity of the parties' relationship; admissible evidence was presented to establish that Campbell and A. F. were both involved in the prior incidents; and a sufficient connection existed between the prior incidents and the charged crimes, in that the prior incidents illustrated Campbell's practice of threatening and using physical violence against A. F. See *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). The trial court on two separate occasions gave the jurors a charge properly limiting their consideration of this evidence. See id. The fact that one prior incident involved a gun rather than a knife did not render that incident inadmissible. See generally *Lloyd v. State*, 226 Ga. App. 401 (3) (487 SE2d 44) (1997) (similar transaction evidence admissible despite difference in weapon used during prior act).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jennifer L. Parker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.