A06A0381. FITZGERALD v. THE STATE.
(630 SE2d 598)

BARNES, Judge.

A jury convicted Dwight Fitzgerald of robbery by snatching, and after the State presented evidence of Fitzgerald's 59 arrests and 16 convictions, many for petty larceny, the trial court sentenced him to 20 years, with 15 to be served in confinement. He appeals, contending that the trial court erred in allowing the victim to identify him in court, and that the remaining evidence was insufficient. He also contends that his trial counsel was ineffective for failing to file a

motion to suppress evidence of cash found in his pocket. For the reasons that follow, we affirm.

1. Fitzgerald asserts that the trial court erred in denying his motion to suppress the evidence of his identification during a one-on-one showup.

> Although showing suspects singly to a witness for identification purposes is inherently suggestive, an identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure. Our inquiry here is whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification.

(Footnotes omitted.) *Anderson v. State*, 265 Ga. App. 428, 431 (3) (a) (594 SE2d 669) (2004). In evaluating the likelihood of misidentification, the trial court must consider

> (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, . . . and [(4)] the length of time between the crime and the confrontation.

(Punctuation omitted.) *Heyward v. State*, 236 Ga. 526, 528 (1) (224 SE2d 383) (1976), citing *Neil v. Biggers*, 409 U. S. 188, 199-200 (93 SC 375, 34 LE2d 401) (1972).[1] "Moreover, 'in evaluating these factors, the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence. Where evidence supports the trial court's ruling, we will not disturb that ruling.' [Cit.]" *Jones v. State*, 273 Ga. 213, 216 (2) (539 SE2d 143) (2000).

In this case, the victim was a store cashier, who rang up a bottle of bleach around 1:30 p.m. for a man who paid her with a five-dollar bill. She got a good look at the man from about three feet away when he first came to her register and put down the bleach. She keyed in the amount and when her cash drawer opened, the customer shoved her out of the way and began grabbing money from the drawer. She tried

---

[1] While *Heyward* also includes the witness's level of certainty as a factor, after the trial of this case, the Supreme Court of Georgia directed trial courts to "refrain from informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification." *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005). While *Brodes* addressed only the jury charge, the trial court's consideration of this factor is also suspect.

to take back some of the cash but the robber pushed her aside and then ran out the door down the side street. He took about $90, mostly in five-dollar bills.

The police were called, and the victim described the robber as a bald black man with a dark complexion in a white tee shirt, black shorts, a black ball cap, 40 to 50 years old, and "really short and chunky." The police broadcast the description, and a patrol officer responding to the call drove through the surrounding neighborhood. Fifteen to twenty minutes after the robbery, the officer saw Fitzgerald walking about half of a mile from the store, on a street that intersected with the street beside the store that the robber ran down. He was the right approximate age, with a shaved head, sweating profusely, and wearing an orange shirt and black shorts. The officer stopped to talk to him, and placed him in "investigative custody" to take him to the store. Before putting Fitzgerald into the patrol car, the officer patted him down to ensure he had no weapons and found $130 cash in his pocket, consisting of five ten-dollar bills and sixteen five-dollar bills.

The patrol officer drove up to the front door of the store and directed Fitzgerald in the back seat to look out the passenger side window. The victim identified Fitzgerald as the man who had robbed her. When Fitzgerald got out of the car for the officer to place him in handcuffs, the victim again identified him as the robber. At trial, the victim once more identified Fitzgerald as the man who robbed her. Another police officer also testified that he knew Fitzgerald as the victim of a previous robbery, and had seen him standing about 300 feet from the store at 11:30 a.m. on the day of the robbery.

Fitzgerald argues that the one-on-one showup was impermissibly suggestive, and also noted that the victim's description of the robber did not match him. He was not wearing a white tee shirt, but an orange one, and he is not short, but is six feet tall. The State responds that, considering the totality of the circumstances, the identification was valid. Only a short time passed between the robbery and the identification, and the victim had a clear opportunity to see the robber up close during the middle of the day. As we have said many times before, a one-on-one showup is inherently suggestive. In this case, however, considering the totality of the circumstances, we cannot say that a substantial likelihood of irreparable misidentification existed. Accordingly, we conclude that the trial court did not err in denying Fitzgerald's motion to suppress the identification evidence.

2. Fitzgerald contends that his trial counsel was ineffective for failing to move to suppress evidence regarding the cash found in his pocket. In cases such as this, the burden is on the defendant claiming

ineffectiveness of counsel to establish that his attorney's representation in specified instances fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (III) (104 SC 2052, 80 LE2d 674) (1984). The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Citation and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322 (10) (565 SE2d 551) (2002).

In this case, Fitzgerald has met neither prong. A motion to suppress would have been denied, and therefore the trial court did not err in concluding that his trial counsel was not ineffective for failing to file one. Reasonable suspicion existed to justify stopping Fitzgerald for investigation, and the officer was permitted to pat him down for weapons before placing him in the back of the patrol car. *McNair v. State*, 267 Ga. App. 872, 874 (1) (600 SE2d 830) (2004). Further, contraband identified through an officer's sense of touch in the course of a lawful *Terry* pat-down may be seized, and thus evidence of the cash found in Fitzgerald's pocket was admissible. *Howard v. State*, 220 Ga. App. 579, 582 (1) (469 SE2d 746) (1996).

3. Finally, Fitzgerald contends that, without the tainted identification, the evidence is insufficient to sustain his conviction. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Based on our holding in Division 1, and the facts presented at trial, we conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Fitzgerald guilty beyond a reasonable doubt of robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED APRIL 21, 2006.

*Renate D. Moody*, for appellant.
*Howard Z. Simms, District Attorney, Thomas C. Woody II, Dorothy V. Hull, Assistant District Attorneys*, for appellee.