A08A1454. ARNOLD v. THE STATE.
(667 SE2d 167)

BARNES, Chief Judge.

Wesley Fitzgerald Arnold was convicted of 14 counts of theft by deception, and sentenced to serve 15 years in confinement followed by 20 years on probation. Arnold argues on appeal that some of the counts should have merged for sentencing purposes. We disagree and affirm his convictions and sentence.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do

not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that Arnold was a car salesman at a Chevrolet dealer. He was bilingual and handled 98 percent of the dealership's Spanish-speaking customers. In September 2006, a customer complained to the dealership management that he had paid $19,500 cash to Arnold but had never received the two trucks he had paid for. The customer had some documents with him but no receipts of the kind the dealership used. The sales manager could not find any paperwork in the business office related to these transactions and told the customer he would determine what happened and get back to him.

The company's two sales managers confronted Arnold when he came to work, and Arnold eventually admitted he had taken the victim's cash. He explained that he had given the money to a wholesale car dealer who was going to use the money to buy two used trucks for the customer. The managers gave him a few days to contact his friend and retrieve the money, but during that time numerous other victims came to light and Arnold disappeared.

Meanwhile, other Spanish-speaking customers began coming to the dealership with the same story: they had given Arnold large sums of cash for used trucks that were never delivered. The managers called the police on September 27, 2006, and two detectives spent two full days at the dealership investigating the crimes. The police ultimately identified 14 victims and Arnold was indicted on 22 counts of felony theft by deception.

At trial, the State nolle prossed eight counts because six victims could not be located. Each of the remaining eight victims testified that he had given Arnold large sums of cash and received documents purported to be receipts. None of them left with a vehicle. Arnold told them either that the truck they wanted had not yet arrived or needed additional servicing or paperwork. He explained to the victims that the reason they were getting two- or three-year-old trucks for $3,000 or $4,000 was because the vehicles had been flooded during Katrina. These victims gave Arnold a total of approximately $69,000 cash.

A sales manager testified that many of the victims' documents they thought were receipts were actually standard privacy notices customers signed to give the company permission to check their credit ratings. Handwritten on the notice were the make and years of the truck the victims thought they were buying, as well as the amount of cash they gave Arnold. These documents were never used

for receipts. If a customer paid cash, he would receive the yellow copy of a numbered receipt and other copies would be sent to the financial department. Some of the victims' documents were worksheets used to negotiate a sale, but were not the final contracts, and also were never used for receipts. The company never negotiated a sales price for vehicles it did not have, because even if an employee were going to bid at an auction on a particular truck for a particular customer, he did not know in advance how much it would cost. Finally, the dealership would never sell a vehicle that had been flooded, because it would have a salvage title and the company would not be authorized to warranty or sell it.

While Arnold has not challenged the sufficiency of the evidence against him, the evidence as outlined above was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt of 14 separate counts of felony theft by deception in violation of OCGA § 16-8-3. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Arnold enumerates three errors: the trial court erred in not merging the sentences for the counts involving the same victims; the indictment failed to notify him sufficiently of the alleged crime; and a fatal variance existed between the indictment and the evidence. Although he begins his argument by saying that "all errors complain of the same basic time defect and will be argued together," he proceeds to argue only the first enumeration regarding merger. Accordingly, claims relating to enumerations two and three have been abandoned. See Court of Appeals Rule 25 (c) (unsupported claim of error may be deemed abandoned). Therefore we will consider only whether the trial court should have merged some of the counts for sentencing.

3. Arnold argues that, because the victims were uncertain of the dates and "multiple transactions took place roughly simultaneously," the counts involving the same victim should be merged. In other words, Counts 1 and 2, alleging that Arnold stole more than $500 from victim Ortiz at different times, should merge, for example.

> Under OCGA § 16-1-6 (1), two offenses will merge as a matter of fact if one of them is established by proof of the same or less than all the facts required to prove the other. As with any factual merger question, the dispositive issue is whether the State "used up" its evidence in proving the crime: The actual evidence test, in effect, means that if the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1).

YALE LAW LIBRARY

(Citation omitted.) *Forbes v. State*, 284 Ga. App. 520, 523-524 (3) (644 SE2d 345) (2007). A person commits the offense of theft by deception "when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). The indictment alleges that Arnold obtained more than $500 from each victim by intentionally creating the false impression that he could sell him a vehicle at a discounted price. Six victims testified that they paid large sums of money to Arnold on two separate occasions. "This evidence was sufficient to establish that [Arnold] used deceitful means and artful practice in order to induce [the victims] to part with [their] money." *Brady v. State*, 267 Ga. App. 351, 355 (1) (c) (599 SE2d 313) (2004). When Arnold took the first sum of money from a victim, the offense of theft by deception was completed. When he later took more money from the same victim, he committed yet another offense of theft by deception.

Accordingly, the trial court did not err in not merging any of the counts for sentencing purposes.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 22, 2008.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.