A09A0682. SMITH v. THE STATE.
(678 SE2d 496)

BARNES, Judge.

Jermaine Tyrell Smith was convicted of cocaine and marijuana possession, and sentenced as a recidivist to thirty years, five in

confinement. He appeals, arguing the evidence was insufficient to support the verdict. Upon review of the record, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that a Rome police officer was patrolling on foot with his partner when he saw several cars stop at a particular location for just a few minutes and then leave. The officer thought this activity was consistent with drug sales so he crept closer to the location and watched. He was about 25 yards from the houses and while the light was dim the area was lit with a street light. After five or ten minutes the officer moved closer, behind a tree, and saw a man walk from an occupied house to the vacant house next door, bend over the gas meter, seem to pull something out of the front wall, and walk back to the occupied house. The man was wearing a hat backward, dark clothing with a white shirt underneath, and something hanging around his neck. After two or three minutes the man returned to the vacant house, bent over the gas meter again, and replaced something in the wall.

The officer approached the wall and saw a white bag sticking out from behind the siding, which contained a small amount of marijuana and four rocks of cocaine. He found nothing else in that area, and within three minutes of the time he saw the man replace something in the wall of the vacant house, approached a group of men next door at the occupied house. Only Smith was wearing dark clothes with a white shirt underneath and his hat on backward; further, Smith was of average build while two of the other men in the area were more than six feet tall and one was a little heavier in build. The officer testified that no one else in the group "remotely" met the description of the man wearing dark clothes with a white shirt, backward cap and object hanging from his neck. Although the officer recognized Smith after the two began talking, when asked if knowing who he was had anything to do with picking him out to charge, the officer replied, "Absolutely not."

A technician with the state crime laboratory testified that the rocks tested positive for cocaine, and the parties stipulated that the other bag contained marijuana.

A witness for the defense testified he had been going back and forth between the occupied and vacant houses with his own personal drugs, which he had stored in a matchbook under the vacant house. He saw no drugs at the vacant house other than his own. He also

testified that Smith drove up just as the witness was returning from the vacant house. As soon as the police came, the witness left. The State impeached the witness with evidence of his previous convictions for aggravated assault, armed robbery, and possession of drug paraphernalia. The man who owned the occupied house testified that several people were standing in his yard talking that evening, and everyone at the scene had hats on backward and were wearing cell phones around their necks.

Smith argues this evidence was insufficient to sustain his conviction, in light of the fact that the officer who identified him had been standing 25 yards away, watching through the bushes, under only a street light, and identified him based solely upon the clothes he was wearing. Further, the testimony of Smith's witnesses directly contradicted the eyewitness identification.

The testimony of a single witness, however, is generally sufficient to establish a fact. OCGA § 24-4-8. While a defendant may not be found guilty of possession based solely on his spatial proximity to contraband, the officer in this case testified that he found a plastic bag containing the drugs from the location where he saw the man identified as Smith pull out an object and then replace it. Further, Smith's arguments regarding the identification testimony go to the weight and credit to be given the evidence by the trier of fact and not to its sufficiency. *Willis v. State*, 241 Ga. App. 813, 814 (1) (527 SE2d 895) (2000). Whether the witness is credible and whether his identification should be accepted are issues for the jury, not for an appellate court. *Shropshire v. State*, 223 Ga. App. 118 (1) (476 SE2d 859) (1996); *Spivey v. State*, 193 Ga. App. 127, 129 (1) (386 SE2d 868) (1989). The transcript reveals evidence sufficient in this case to authorize the finding of guilt beyond a reasonable doubt. *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED APRIL 30, 2009.

*Teddy L. Henley*, for appellant.
*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.