## A09A1492. JOINER v. THE STATE.
(682 SE2d 381)

BLACKBURN, Presiding Judge.

Following a bench trial, Jeffery Joiner was convicted on one count of felony escape.[1] On appeal, he challenges the sufficiency of the evidence supporting his conviction, arguing that the trial court erred in finding him guilty of felony escape because he was not being held in legal custody on any felony charge at the time of his escape. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Joiner] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[2] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the evidence shows that on July 31, 2008, Joiner was arrested on charges of battery and aggravated battery as a result of a fight with his girlfriend and sister at an apartment in Dodge County, Georgia. Following Joiner's arrest and confinement in the Dodge County jail, the sheriff's office ran his name through the Georgia Crime Information Center ("GCIC") network and discovered that the state of Florida had issued warrants for Joiner's arrest on charges of aggravated battery and probation violation. Shortly after notifying Florida authorities that Joiner had been arrested, the sheriff's office received copies of the Florida warrants via facsimile

---

[1] OCGA § 16-10-52 (a) (2), (b) (2).
[2] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).
[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

and U. S. mail. Joiner became aware of the Florida warrants when he was unable to post bond because of those charges. On August 16, 2008, Joiner escaped from the Dodge County jail. Three days later, authorities rearrested him.

Thereafter, Joiner was indicted on one count of felony escape. The indictment provided that Joiner "did intentionally escape from custody prior to conviction of crimes, to wit: battery (2 Cts.) (Dodge County) and an aggravated battery (Bay County, Florida), while being in the lawful confinement of the Dodge County Jail. . . ." At his bench trial, Joiner stipulated that he had escaped from lawful custody but argued that he was not guilty of felony escape because the only charges upon which his custody was lawfully based were the two battery charges, which were misdemeanors under Georgia law. He further argued that the Florida aggravated battery charge could not lawfully form the basis of his custody because the State had failed to comply with the Uniform Criminal Extradition Act.[4] At the trial's conclusion, the trial court agreed that the two Georgia battery charges were misdemeanors[5] but found that Joiner was also lawfully in custody based on the Florida aggravated battery charge, which was a felony. Accordingly, the trial court found Joiner guilty of felony escape. This appeal followed.

In his sole enumeration of error, Joiner contends that the evidence was insufficient to support his conviction of felony escape because the Florida arrest warrant for the felony of aggravated battery could not serve as the basis for his lawful custody. We disagree.

OCGA § 16-10-52 (a) (2) provides: "A person commits the offense of escape when he or she . . . [b]eing in lawful custody or lawful confinement prior to conviction, intentionally escapes from such custody or confinement." Under OCGA § 16-10-52 (b) (2), "[a]ny person charged with a felony who is in lawful confinement prior to conviction or adjudication who is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than five years." "[I]n determining whether an escape is a felony or a misdemeanor offense, a court must look at the reasons the defendant was confined at the time of the escape, because the authority for the detention is an essential element of the felony

---

[4] OCGA § 17-13-20 et seq.

[5] At trial, the State argued that regardless of the Florida charge, Joiner was guilty of felony escape because the Georgia charges for which Joiner was initially arrested were battery and aggravated battery, which is a felony. However, in its ruling, the trial court correctly noted that the indictment stated that the two Georgia charges were "battery," which is a misdemeanor, and thus the State could not orally amend the indictment at trial without having provided Joiner with proper notice. See *Pruitt v. State*, 135 Ga. App. 677, 680 (4) (218 SE2d 679) (1975) (an indictment cannot be amended to conform with proof).

offense of escape." (Punctuation omitted.) *Green v. State.*[6] See *May v. State.*[7]

Joiner stipulated that he escaped from lawful custody based on the two Georgia misdemeanor battery charges. Nevertheless, he argues that he was not being lawfully held on the Florida felony charge of aggravated battery because the State failed to comply with OCGA § 17-13-34 (the Uniform Criminal Extradition Act) when it failed to bring him before a magistrate with all practicable speed after the Dodge County authorities learned of the Florida warrant. This argument is without merit. OCGA § 17-13-34 provides:

> The arrest of a person may be lawfully made by any peace officer . . . *without a warrant*, upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested, the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath, setting forth the ground for the arrest, . . . and thereafter the answer of the accused shall be heard as if he had been arrested on a warrant.

(Emphasis supplied.) Addressing related extradition procedures, the Supreme Court of Georgia in *Batton v. Griffin*[8] held that "[e]xtradition inevitably involves a significant period of restraint of liberty by the asylum state, and where that process is sought before trial, a determination that there is probable cause to arrest must be made before extradition is completed." The Court further held that

> determination of probable cause to arrest may be made in the demanding state. Unless a state's procedure is dramatically different from the common law, a determination of probable cause to arrest is necessarily made when an indictment is returned by a grand jury, or *when an arrest warrant is issued by a magistrate*. Thus if a copy of either an indictment or an arrest warrant accompanies the requisition, no further determination of the existence of probable cause to arrest will be made by this state, for in the interest of comity and the expeditious administration of justice we will rely on the official representation that probable cause

---

[6] *Green v. State*, 283 Ga. App. 541, 542-543 (642 SE2d 167) (2007).
[7] *May v. State*, 244 Ga. App. 201, 202 (535 SE2d 252) (2000).
[8] *Batton v. Griffin*, 240 Ga. 450, 451 (241 SE2d 201) (1978).

to arrest has been constitutionally found by the demanding state.

(Citation omitted; emphasis supplied.) Id. at 451-452.

Here, Joiner was initially arrested for battery pursuant to Georgia warrants. Shortly after the Dodge County authorities learned that Joiner was wanted in Florida on a felony aggravated battery charge, they received copies of the Florida arrest warrants from Florida authorities. Therefore, at the time of his escape, Joiner was being held in custody based on probable cause that he had committed a felony, as demonstrated by the valid arrest warrant issued by the state of Florida. See *Batton*, supra, 240 Ga. at 452. Given that OCGA § 17-13-34 only requires that the accused be brought before a judge or magistrate if he is arrested and detained *without a warrant* for a crime committed in another state, the statute is not applicable here. Thus, there was sufficient evidence that Joiner was being held in custody on a felony charge at the time of his escape. Accordingly, the evidence was sufficient to find Joiner guilty of felony escape beyond a reasonable doubt. See *Truax v. State*.[9]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 21, 2009.

*Steven M. Harrison*, for appellant.
*Timothy G. Vaughn, District Attorney, Gregory A. Oberry, Assistant District Attorney*, for appellee.

---

[9] *Truax v. State*, 207 Ga. App. 506, 508 (2) (428 SE2d 611) (1993).