## A09A0810. HARDRICK v. THE STATE.
(685 SE2d 425)

BARNES, Judge.

James Rodriguez Hardrick was convicted of cocaine possession and obstruction of an officer. He appeals, contending that the trial court erred in allowing the State to introduce similar transaction evidence and in failing to give an instruction defining "bent of mind." For the reasons that follow, we affirm Hardrick's convictions.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that on April 6, 2007, sheriff's deputies arrived at the apartment of Hardrick's girlfriend to arrest Hardrick pursuant to an outstanding warrant. When the arresting officer stepped out of his car, he heard noise on the back porch and saw a man wearing dark-colored pants and a blue and green windbreaker run away. The officer directed the man to stop and identified himself as a sheriff's deputy but the man, later identified as Hardrick, ran into a thickly wooded area. Within two minutes Hardrick surrendered when the officer threatened to come into the woods with dogs to find him.

The officer noticed that Hardrick was no longer wearing a jacket, so he followed the trail of broken brush Hardrick had made through the dense vegetation. Where the trail ended, the officer found a blue and green jacket that appeared to be the same one Hardrick had been wearing. Underneath the jacket he found a plastic bag containing more bags filled with a white powdery substance later identified as cocaine. The jacket was dry on top, although the surrounding ground was wet with dew. A second officer present at the scene confirmed these details.

The State presented similar transaction evidence to show Hardrick's bent of mind toward possessing cocaine. A former state trooper testified that he was performing road checks when a vehicle approached in which Hardrick was a passenger. After talking to the driver, the trooper smelled marijuana and discovered that the driver did not have a license. As the trooper was arresting the driver, a passerby told the trooper he saw Hardrick toss something from the passenger window, and the trooper discovered two bags containing cocaine and marijuana on the side of the road. The State introduced into evidence a certified copy of Hardrick's plea of guilty to possession of cocaine and more than an ounce of marijuana.

1. In his first enumeration of error, Hardrick contends that the trial court erred by allowing the State to use similar transaction evidence to show his bent of mind "without an application of the necessary test." Specifically, Hardrick argues that, in granting the State's motion to present the evidence, the trial court only stated that the two crimes were similar and failed to find that the independent crime tended to prove the offense charged, that admission of the independent crime was more probative than prejudicial, and that the lapse of time between the two offenses was not too great.

Hardrick waived his argument that the trial court did not make certain determinations on the record regarding the similar transaction by failing to raise it before the trial court. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979). Further, the argument that the State did not make the requisite showings fails because a review of the record reveals the trial court properly considered all necessary elements in determining the similar transaction evidence was admissible.

The State moved to introduce the similar transaction evidence to show Hardrick's bent of mind to possess cocaine. In a motions hearing pursuant to Uniform Superior Court Rule 31.3 (B), a deputy sheriff testified that in May 2006, he was conducting license checks and began writing a citation against the driver of a car in which Hardrick was a passenger. A witness told the deputy that he had seen the passenger toss something out of his window as the car approached the road block, and the officer found two bags of marijuana and cocaine on the side of the road. Hardrick was arrested and when interviewed subsequently by a different officer he said the driver told him to throw the drugs out of the window as they approached the road block. The State also presented a certified copy of Hardrick's plea of guilty to possession of cocaine and more than an ounce of

marijuana.[1] In its argument, the State noted that the offenses occurred less than a year apart in the same county, and involved the same drugs in similar amounts.

We will not disturb the trial court's finding of similarity unless it is clearly erroneous. *Tanner v. State*, 243 Ga. App. 640, 642 (2) (533 SE2d 794) (2000). To introduce evidence of a similar transaction, the State must show three things: (1) that evidence of the independent offense is being introduced for an appropriate purpose and not to impugn the defendant's character; (2) sufficient evidence establishes that the defendant committed the independent offense; and (3) the independent offense is sufficiently similar to the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

When considering the admissibility of similar transaction evidence, the proper focus is on the similarities between the prior act and the charged crime, not the differences. *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009). Here, the trial court held that (1) the State sought to introduce evidence of the 2006 crime for a proper purpose, which was to show bent of mind intending to prove that Hardrick had possessed the drugs found under the jacket in the charged crime; (2) the State established Hardrick as the perpetrator of the previous offense; and (3) the two crimes were sufficiently similar because both times Hardrick attempted to dispose of the drugs before encountering law enforcement officers. The trial court's determination that the State met the requirements for admission of similar transaction evidence was not clearly erroneous and we find no error.

2. Hardrick also contends the trial court erred in failing to define "bent of mind" for the jury and thus distinguish it from having a predisposition to commit a crime. The trial court gave the pattern charge limiting the jury's consideration of the similar transaction when the evidence was admitted at trial and again during the final charge, and Hardrick filed no written request to charge the definition of the phrase "bent of mind." After the State introduced a copy of Hardrick's prior guilty plea, the court advised the jury that the conviction was "admitted for the limited purpose as it may relate to any bent of mind that this defendant may have towards possessing cocaine. You're not to consider it for any other purpose whatsoever; only as it may relate to any bent of mind that you may find this defendant to have had."

Hardrick objected because he wanted the court to "give an

---

[1] The State also moved to admit evidence of three additional similar transactions from 2002, but the trial court denied that portion of the motion.

instruction that makes it clear what bent of mind means versus simply a predisposition to commit a crime . . . and we would ask the Court to clarify that." Hardrick did not offer a proposed definition of the phrase. The trial court responded that the pattern charge given was on bent of mind and declined to define the phrase, but reiterated to the jury that "this evidence was for the limited purpose as it may bear on this defendant's bent of mind toward possessing cocaine." In its final charge, the court gave an extensive instruction regarding the similar transaction evidence, charging the jury that it might consider evidence of other offenses "for the limited purpose of showing, if it does, the defendant's bent of mind concerning the crime charged in the case now on trial" and for no other purpose; that Hardrick was not on trial for the other offense; that before the jury considered the other offense "for the limited purpose referred to," it must first determine whether Hardrick committed the other crime; and that the jury must consider whether the other crime was similar enough to the crime charged that proof of one tends to prove the other, in light of its limited purpose.

Absent a timely, written request to charge, "the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal." *Dix v. State*, 238 Ga. 209, 215 (5) (232 SE2d 47) (1977). "The defendant filed no such written request to charge and it was not error to deny his oral request." *Barnes v. State*, 260 Ga. 398, 399 (3) (396 SE2d 207) (1990). See also *Kersey v. Williamson*, 284 Ga. 660, 663 (4) (670 SE2d 405) (2008); *Service Merchandise v. Jackson*, 221 Ga. App. 897, 900 (2) (473 SE2d 209) (1996). This enumeration is without merit.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED OCTOBER 13, 2009.

*Timothy L. Eidson, Lisa M. Palmer*, for appellant.
*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.

