## A10A1525. FREEMAN v. THE STATE.
### (703 SE2d 368)

BARNES, Presiding Judge.

Quentin Demond Freeman appeals his conviction for armed robbery, contending that the trial court erred in denying his motion to suppress identification evidence, and in denying his motion for a directed verdict. Upon review, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007). We do not weigh the evidence or determine the credibility of witnesses, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.

So viewed, the evidence shows that on July 30, 2008 between 11:15 and 11:30 p.m., the clerk at the Texaco gas station on Jodeco Road in Henry County locked the store and had taken the bag with the night deposit to his car when a man approached him and demanded the money. The robber pointed a gun at the clerk and took the money and also the clerk's cell phone. When the robber ran away, the clerk went inside the store and called 911. The clerk described the robber to the 911 operator as wearing "black pant[s] and black shoes . . . 5′10″, 5′11″ . . . black, but not dark black or light skin." The clerk said the robber also had a black scarf on his head and a beard and sideburns. He said that the robbery occurred near the store lights so he was able to get a clear look at the robber.

Police arrived within five to ten minutes and questioned the victim. An officer responding to the BOLO was "flagged down" by two separate individuals who were driving in the area of the robbery. The officer testified that "based upon the conversation [and] description they gave me," he located the suspect, later identified as Freeman, on a nearby street behind the Texaco station. The officer testified that Freeman was wearing a "[w]hite tank top, black — black sweat pants, jogging pants, and black tennis shoes," and was "breathing heavily and sweating." The officer at the station was notified that a suspect was being detained, and he drove the victim approximately "one half to three-fourths of a mile" to where Freeman was being detained for a showup identification. When they arrived, Freeman was taken from the rear seat of a waiting squad car, and the officer shined his headlights on Freeman. The officer

testified that he activated his "take-down light" located on the roof of his un-marked car as well.

The victim positively identified Freeman as the robber, but told officers that on a scale of one to ten, he would rank his level of certainty about Freeman's identity an eight. He testified that "I told them his face is definitely 100%, but only the two differences I see before and now is T-shirt and the head scarf." The victim said that Freeman had a black scarf on his head and was wearing a black T-shirt when he robbed him. He was certain, however, about Freeman's "face and beard."

1. Freeman contends that the evidence was insufficient to sustain his conviction for armed robbery. "[T]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Here the victim's testimony alone is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt. *Smith v. State,* 246 Ga. App. 191, 192 (1) (539 SE2d 881) (2000). Moreover, "[w]e do not determine the credibility of eyewitness identification testimony. Rather 'the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury.' " *Jones v. State,* 214 Ga. App. 788 (449 SE2d 330) (1994).

Thus, the evidence here was sufficient to sustain Freeman's conviction for armed robbery.

2. Freeman argues that the trial court erred in failing to suppress the identification evidence at trial. He claims that the one-on-one showup conducted by police was impermissibly suggestive, and created a substantial likelihood of misidentification. We disagree.

> When ruling on a motion to suppress, the trial court sits as the trier of facts, and its findings regarding them are not disturbed on appeal if there is any evidence to support them; the trial court's decisions with regard to questions of fact and credibility must be accepted unless clearly erroneous, and a reviewing court construes the evidence most favorably to the trial court's findings.

(Punctuation omitted.) *Whitmore v. State*, 289 Ga. App. 107, 107 (657 SE2d 1) (2008).

> Testimony concerning a pre-trial identification of a defendant should be suppressed if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. The taint which renders an

identification procedure impermissibly suggestive must come from the method used in the identification procedure. An identification procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "this is our suspect."

(Punctuation and footnotes omitted.) *Brooks v. State*, 285 Ga. 246, 248-249 (3) (674 SE2d 871) (2009). Although one-on-one showups are inherently suggestive, an identification resulting from a showup "need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure." (Punctuation omitted.) *Fitzgerald v. State*, 279 Ga. App. 67, 68 (1) (630 SE2d 598) (2006). The key issue is whether a substantial likelihood of irreparable misidentification exists. Id. In evaluating this likelihood, this Court considers four factors: (1) the witness' opportunity to view the criminal during the crime; (2) the witness' degree of attention; (3) the accuracy of any prior description; and (4) the length of time between the crime and the showup. Id.

Freeman argues that the showup identification was impermissibly suggestive because when the victim identified him, he had been sitting in the back seat of the officer's patrol vehicle, and was taken out of the car with lights shining on him. However, "[t]he mere fact that [Freeman was] in a police car when [he was] identified does not taint the identification[ ]." *Young v. State*, 272 Ga. App. 304, 311 (4) (a) (612 SE2d 118) (2005).

Here, the victim observed Freeman from "two or three feet away" for several minutes while he was being robbed, and although the incident occurred at night, the area of the parking lot where the robbery occurred was well lit. Furthermore, the victim identified Freeman less than 30 minutes after the incident occurred, and expressed a high degree of certainty that Freeman was the man who robbed him (despite the difference in the T-shirt color).

Given the totality of these circumstances, the trial court was authorized to find that no substantial likelihood of irreparable misidentification existed. Accordingly, it properly denied Freeman's motion to suppress. See *Crawford v. State*, 297 Ga. App. 187, 191 (2) (676 SE2d 843) (2009).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED NOVEMBER 15, 2010.

*Jennifer L. Lewis*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Thomas L. Williams, Assistant District Attorneys*, for appellee.