**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 29, 2012**

# In the Court of Appeals of Georgia

A12A1019. LEE v. THE STATE.

MIKELL, Presiding Judge.

Convicted in a bench trial of driving under the influence of marijuana[1] and speeding,[2] Leslie Robert Lee appeals, contending that the trial court erred in denying his motion for new trial based on the insufficiency of the evidence. Finding no error, we affirm.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict and appellant no longer enjoys a presumption of innocence.[3]

---

[1] OCGA § 40-6-391 (a) (2) (less safe).

[2] OCGA § 40-6-181 (b) (2).

[3] *Joiner v. State*, 299 Ga. App. 300 (682 SE2d 381) (2009).

So viewed, the evidence shows that, on April 1, 2010, shortly after midnight, then Talliaferro County Sheriff Deputy Paquette was on patrol on Interstate 20 in Talliaferro County and was operating stationary radar there. As he was doing so, he observed a Chrysler 300 sedan in the fast lane and, based on his training and experience, he concluded it was going approximately 85 mph in a 70 mph speed zone. Paquette then used his radar which checked the car's speed at 86 mph. Paquette activated his blue lights and pursued the Chrysler until it pulled over. Lee was driving the car and produced his driver's license. As Paquette was approaching the driver's door, he noticed the strong odor of marijuana coming from it. Paquette asked Lee to step to the rear of the vehicle and, as Lee got out of the car, Paquette saw him stumble and appear to have difficulty keeping his balance. Lee's eyes were bloodshot and red and he appeared to have a very dry mouth. Paquette advised Lee that he had smelled marijuana and asked Lee if there were marijuana in the car. Lee responded negatively, saying that they had smoked it all.[4] After Lee had gotten out of the car and gone to the rear of it, Paquette also noticed the smell of burnt marijuana coming off of him and observed him using the rear of the car to keep his balance. Paquette was of the opinion that Lee was less safe due to the effects of marijuana and placed him under

[4] Although no marijuana was found in the car, cocaine was found.

2

arrest. At that point, Paquette read the Implied Consent rights to Lee and requested that Lee submit to blood and urine testing. According to Paquette, Lee refused to submit to testing.

Lee testified that he, his brother, and a friend had been to a Hawks game in Atlanta and his friend had been drinking. Because he did not drink or smoke, Lee offered to drive and had the car on cruise control at 70 mph when his Chrysler was pulled over out of a group of cars by Paquette. Lee said he did not smoke marijuana, his eyes stayed red, and he did not stumble getting out of the car.
Lee also denied that he said he had smoked marijuana and said he agreed to take the blood and urine tests. Lee's step-brother testified that he did not know whether Lee was speeding because he had dozed off, but that no one had smoked marijuana that night.

In evaluating the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[5] The trier of fact's guilty verdict will be upheld "as long as there is some

---

[5] (Citation and footnote omitted.) Id.

competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[6]

Here, the issue was purely one of credibility, which the trial court determined in the State's favor. The evidence was sufficient to find Lee guilty of speeding and driving under the influence of marijuana (less safe).[7]

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

[6] (Punctuation and footnote omitted.) *Nassau v. State*, 311 Ga. App. 438, 440-441 (715 SE2d 837) (2011).

[7] See *Crusselle v. State*, 303 Ga. App. 879, 880-881 (1) (694 SE2d 707) (2010).