**THIRD DIVISION**
**MILLER,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 23, 2013**

# In the Court of Appeals of Georgia

A12A1787. COPELAND v. THE STATE.

RAY, Judge.

Following a jury trial, Dominique Copeland was convicted of armed robbery,[1] aggravated assault,[2] and possession of a firearm during the commission of a crime.[3] Copeland appeals, contending that the trial court erred in denying his motion for new trial because the evidence was insufficient to convict him. Finding no error, we affirm.

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a).

[3] OCGA § 16-11-106 (b).

On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and Copeland no longer enjoys the presumption of innocence.[4]

> In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.[5]

So viewed, the evidence shows that, on July 13, 2007, Copeland and two other men entered Damion Holmes' retail clothing store, Navy Blu, and began looking around. Holmes was busy with other customers at the time, but he observed Copeland and the two men looking around the store and then leaving. About an hour later, the two men that had been with Copeland earlier came back into the store and began looking around as if they were shopping. After a customer exited the store, the two men approached Holmes at the cash register and Copeland came in with a handgun. Copeland was standing next to Holmes, holding him at gunpoint, while the other two men were "wiping out the [clothing] racks." As the two men left with the clothes,

---

[4] *Lee v. State*, ___ Ga. App. ___ (731 SE2d 768) (2012).

[5] (Citation omitted.) *Joiner v. State*, 299 Ga. App. 300, 300 (682 SE2d 381) (2009).

Copeland took the cash register and a laptop computer, and the three men exited the store. The armed robbery lasted approximately one minute. Holmes then followed the three men out into the parking lot, where he observed them getting into a tan Nissan Pathfinder automobile. Before the vehicle drove away, Holmes heard a gunshot and saw the rear window of the vehicle shatter, and a bullet struck Holmes in the leg. Although Holmes provided the police with a description of the gunman, they were unable to locate any suspects.

Approximately six months later, the store next to Navy Blu was robbed and the police asked Holmes to come to the police station to look at a photographic line up to see if the suspect in that case was the same person who had robbed him. Holmes was unable to pick anyone out of the initial photographic line up. However, after examining the photographic line up, Holmes looked up and saw several photographs of various other individuals hanging on the cubicle wall and immediately identified one of them, Copeland, as the gunman who had robbed and shot him. The police then moved Holmes to a different area of the police station and presented him with a second photographic line up which included a photograph of Copeland. Holmes positively identified Copeland from the second photographic line up. At trial, Holmes

again positively identified Copeland as the gunman who had robbed him, testifying that he was "one hundred percent" sure and that he would never forget his face.

On appeal, Copeland's sole enumeration of error is that there was insufficient evidence to support his convictions. Copeland contends that the only evidence implicating him at trial was Holmes' eyewitness identification testimony. However, the testimony of a single witness is generally sufficient to establish a fact.[6] Copeland argues, specifically, that Holmes' identification was unreliable because the incident happened very quickly and his identification was made approximately six months after the crimes. On appeal, however, "we do not determine the credibility of eyewitness identification testimony. Rather the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury."[7] Here, Holmes' testimony identifying Copeland as the perpetrator of the crimes is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt.[8]

*Judgment affirmed. Miller and Branch, JJ., concur.*

---

[6] OCGA § 24-4-8.

[7] (Citation and punctuation omitted.) *Freeman v. State*, 306 Ga. App. 783, 784 (1) (703 SE2d 368) (2010).

[8] Id.